UNITED STATES *v.* HOLTZHAUER *et al.*

(*Circuit Court, D. New Jersey,* September 24, 1889.)

1. CRIMINAL NEGLIGENCE—OFFICERS OF VESSELS—JURISDICTION.
   An indictment for violating Rev. St. U. S. § 5344, which provides that "every captain * * * or other person employed on any steam-boat or vessel, by whose misconduct, negligence, or inattention to his duties * * * the life of any person is destroyed, * * * shall be deemed guilty of manslaughter," need not allege that the offenses charged were committed at a place under the exclusive jurisdiction of the United States, or on the high seas, and outside the jurisdiction of any state.

2. SAME—INDICTMENT.
   A count in such indictment which charges that by defendants' negligence, misconduct, and inattention to their duties a certain person's life was destroyed, without setting out the facts on which such charge is based, is defective.

3. SAME.
   But a count charging that defendants took on board their vessel more passengers than were allowed by law, by reason of which it became unmanageable, and that decedent's death by drowning was caused thereby, is sufficient.

**4. SAME.**

It is not necessary that such indictment should expressly charge defendants with having committed the crime of manslaughter.

**5. SAME—PILOT.**

A pilot cannot be convicted under a clause of such statute making "every owner, inspector, or other public officer, through whose fraud, connivance," etc., the life of any person is destroyed, guilty of manslaughter.

On Motion to Quash Indictment.

*Saml. Kalisch* and *Chauncy H. Beasley,* for defendant.

*Geo. S. Duryea,* U. S. Dist. Atty., and *Wm. D. Daly,* Asst. U. S. Dist. Atty.

Before McKENNAN and WALES, JJ.

PER CURIAM. The defendants are jointly indicted for a violation of section 5344 of the Revised Statutes of the United States, which reads as follows:

"Every captain, engineer, pilot, or other person employed on any steamboat or vessel, by whose misconduct, negligence, or inattention to his duties on such vessel the life of any person is destroyed, and every owner, inspector, or other public officer, through whose fraud, connivance, misconduct, or violation of law the life of any person is destroyed, shall be deemed guilty of manslaughter, and, upon conviction thereof before any circuit court of the United States, shall be," etc.

The first count of the indictment charges that the defendants, Holtzhauer and Dauer, on the 23d of June, 1888, being the captain and pilot, respectively, of the steam-boat called the "Olivette," which was plying and sailing in and upon the waters of Newark bay, a common highway of commerce, open to general navigation, and within the territorial and maritime jurisdiction of the United States, it was their duty to conduct and manage the said steam-boat carefully, prudently, and safely, so that the life of any person being a passenger thereon should be safe, and not destroyed; and that, while Augusta Weaver was a passenger on said boat, on the day and year and in the place aforesaid, the defendants "so carelessly and negligently managed and conducted and performed their duties on said steam-boat and vessel so that, by and through their said misconduct, incompetency, unskillfullness, negligence, and inattention to their duties on said steam-boat and vessel, the said steam-boat and vessel was by them run in and upon a certain dyke, or jetty, situate in the waters of the said Newark bay aforesaid, and the said vessel was then and there overturned and upset, and then and there the life of the said Augusta Weaver, a passenger thereon as aforesaid, was destroyed, she then and there being drowned; and she, the said Augusta Weaver, then and there died, contrary to the form of the act," etc. The second count sets forth that it was the duty of the defendants to conduct, manage, and sail said steam-boat "according to law, and not in violation thereof, so that the life of any person being a passenger on said steam-boat and vessel should be safe, and not destroyed;" that Augusta Weaver was a passenger thereon; and then charges that the defendants "did in violation of law take on board the said steam-boat and vessel a greater number of

passengers than was allowed by law; they being allowed by law to take on board and carry twelve persons, when in truth and in fact they did take on board and carry the number of twenty persons to sail in the waters of the said Newark bay aforesaid, and did sail thereon in said steam-boat and vessel with said excess of passengers and persons, and that by reason thereof then and there the said steam-boat and vessel was overloaded and overcrowded, and was then and there unmanageable, and the said vessel was then and there overturned and upset; and then and there the life of the said Augusta Weaver, passenger thereon as aforesaid, was destroyed, she being then and there drowned, and she, the said Augusta Weaver, then and there died, contrary to the form of the act," etc.

To this indictment, the substance and form of which have been stated, several objections are made on behalf of the defendants. The first objection—that the indictment does not set out sufficient jurisdictional facts—is not tenable. Section 5344 was enacted by congress in the proper exercise of its constitutional power "to regulate commerce with foreign nations and among the several states," and it was early decided by the supreme court of the United States that this power included the power to regulate navigation as connected with the commerce of foreign nations and among the states. *U. S.* v. *Coombs*, 12 Pet. 72; citing and reaffirming *Gibbons* v. *Ogden*, 9 Wheat. 189. Counsel for the defendants are in error in contending that this section is *in pari materia* with preceding sections, under the title of "Crimes arising within the territorial and maritime jurisdiction of the United States," and which confer jurisdiction on the courts of the United States to try and punish those offenses only which have been committed at certain places within the jurisdiction of the United States and "outside of the jurisdiction of any state." Their proposition is that, as the offenses charged against the defendants were committed within the body of Essex county, in the state of New Jersey, the courts of that state alone can take judicial cognizance of them. It is undoubtedly true that these defendants might be liable to prosecution at common law in the courts of New Jersey, but that fact of itself does not oust the jurisdiction of this court; and it is not necessary, therefore, that the indictment should show that the offenses charged were committed at a place under the exclusive jurisdiction of the United States, or on the high seas, and outside of the jurisdiction of any state. Section 5344 is a separate and independent statute, and must be construed according to its own terms, without reference to any other statute, so far as the question of jurisdiction is concerned. It is silent as to the place where the offense must be committed in order to confer jurisdiction. Its purpose was to establish a supervision over the conduct of the officers and other persons employed on any steam-boat or vessel navigating the waters of the United States, and to make each officer or person so employed personally and criminally responsible for any misconduct or neglect of duty on his part in consequence of which a human life should be destroyed. To provide for the security of the lives of passengers, and to regulate navigation, congress has enacted numerous laws pertaining to the license and enrollment and measurement of steam-boats and

other vessels, the inspection of boilers, the number of passengers to be carried, etc. No one has ever questioned the validity of these laws, and, if valid, it follows that congress can enforce obedience to them by prescribing penalties for their violation, whether such violation shall be committed within or outside of the jurisdiction of any state. The statute for the violation of which the defendants have been indicted belongs to the same class of legislation with the laws just referred to.

The other objections to the indictment are (2) the indefiniteness and uncertainty of its allegations; (3) misjoinder; (4) failure to show that Augusta Weaver's death was the result of the defendant's misconduct or negligence; (5) omission to charge the crime of manslaughter.

Every defendant in a criminal proceeding has the right to know the specific facts of the charge preferred against him, and for which he is to be tried. This is a constitutional right of which no law or practice can deprive an accused person against his consent. Fullness, precision, and accuracy of expression are required; and the want of a specific statement of fact cannot be supplied by intendment or inference. An accusation of perjury, or of forgery, or of obtaining money or goods under false pretenses, must set forth the particulars, not only of the time and place under the general charge that the accused was then and there guilty of the offense, but must also state how, in what manner, and by what means, acts, or omissions he became guilty. In the language of the books, the crime must be stated with as much certainty as the nature of the case will admit. 1 Chit. Crim. Law, 171. This is a cardinal rule, a departure from which might lead to injustice to the accused; the principle of the rule being that he shall be protected from a second prosecution for the same offense.

In the first count the pleader has followed the words of the statute, but this is not always, or even ordinarily, enough. He should have described some facts upon which the government relied to prove "misconduct," "negligence," or "inattention to his duties" on the part of one or both of the defendants. These words and phrases are vague, and may be subject to different meanings and interpretations. What did either of the defendants do or omit to do that makes him guilty of any one of these general charges? It would not have been impossible, or even difficult, to have set out the acts or omissions by the proof of which a conviction was to be asked for. The prosecuting officer must know what these acts or omissions were, and it would be unreasonable and unjust to leave the defendants in ignorance of them until the day of trial, when, if they had been spread on the record, they could be disproved or satisfactorily explained. *U. S.* v. *Staats,* 8 How. 44; *U. S.* v. *Simmons,* 96 U. S. 360; *U. S.* v. *Goggin,* 1 Fed. Rep. 49; *U. S.* v. *Corbin,* 11 Fed. Rep. 238; *Lamberton* v. *State,* 11 Ohio, 282. The first count is therefore defective.

The second count charges the defendants with a violation of law in taking on board the Olivette an excess of passengers beyond the number allowed by law, by reason of which the boat was overladen, overcrowded, and rendered unmanageable; the result being that the boat

was overturned, thereby causing the death of Augusta Weaver by drowning. These facts, and the consequences resulting from them, may not be set forth with that technical fullness and verbosity which may be found in some forms of indictments, but the charge is made with sufficient clearness and certainty to inform the defendants of the nature and cause of the accusation against them. They are charged with the violation of a public law, which every one is presumed to know, namely, section 4465 of the Revised Statutes of the United States, which forbids the taking on board any steamer "a greater number of passengers than is stated in the certificate of inspection." The count also charges that the deceased came to her death in consequence of the defendants' disregard of that law.

Nor is it required that the indictment should expressly charge the defendants with having committed the crime of manslaughter. Such a procedure would, perhaps, have been more regular, and more in accordance with precedent, but is not absolutely requisite. The defendants are charged with having committed a statutory offense, which is definitely described in this count in the words of the statute. To have concluded with the words, "and were then and there guilty of manslaughter," would have only added a technical term to what had been already described specifically. Whether or not the defendants are guilty of manslaughter would be a conclusion of law from the proof of the facts alleged, and judgment would be entered accordingly. In *U. S.* v. *Elliot*, 3 Mason, 156, on a motion in arrest of judgment because the indictment concluded by charging a wrong offense, it was held that such a conclusion did not vitiate the indictment if the offense was in other respects fully and exactly described, and, though the grand jury mistook the nature of the offense, it was sufficient if they had stated all the facts constituting it. It is not necessary that the indictment should state the conclusion of law to be derived from the premises, but merely to state the facts, and leave the court to draw the inference. 1 Chit. Crim. Law, 232; 2 Chit. Crim. Law, 312.

But the second count is defective on account of the misjoinder of parties; for the pilot, Dauer, is not liable, and cannot be convicted under the last clause of the statute, which applies only to an "owner, inspector, or other public officer." "Other public officer," mentioned in the act, evidently means one who had something to do with regulating or limiting the number of passengers to be taken on board, a matter over which the pilot is presumed to have had no authority; nor can it be supposed that he comes within the designation of "public officer." This misjoinder, however, is a defect which may be remedied by dismissing the charge as to Dauer; and, this being done, the count will be sustained against the other defendant, otherwise it will be quashed. 1 Chit. Crim. Law, 271; 1 Whart. Crim. Law, § 432.