PEOPLE, PLAINTIFF AND APPELLEE, *v.* MORENO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Involuntary Manslaughter.

No. 1425.—Decided February 26; 1920.

INVOLUNTARY MANSLAUGHTER—PLEADING—INFORMATION — NEGLIGENCE — BILL OF PARTICULARS.—When negligence is generally alleged and the circumstances under which the negligence happens are set forth, the failure to specify the particular character of the negligence, if a defect, is one of form. If it is no defect and the defendant needs a further specification he should ask for a bill of particulars. If it is a defect of form he should move for dismissal or to quash, but these questions cannot be raised for the first time on appeal.
ID.—ID.—NEGLIGENCE.—The specification of negligence referred to in the Automobiles Act of 1916 and in the jurisprudence laid down in prosecutions for the violation thereof, is not necessary in a case prosecuted under the Penal Code.
GROSS NEGLIGENCE—AUTOMOBILE.—A chauffeur who drives an automobile into a narrow alley, which is thickly inhabited, without reducing his speed to such an extent that he may stop almost immediately, is guilty of gross negligence.
ID.—ID.—EVIDENCE—CORPUS DELICTI.—The defendant waives the necessity for direct evidence of the *corpus delicti* when he does not object to other testimony at the trial.
ID.—ID.—INSTRUCTIONS TO JURY.—If the defendant is not satisfied with any of the instructions to the jury or desires that a particular instruction be given, it is incumbent upon his attorney to raise such questions in the lower court.

The facts are stated in the opinion.
*Mr. M. A. Muñoz* for the appellant.
*Mr. J. E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The first error complained of is that the information, being one for manslaughter, failed to state a public offense. The information states:

"The *fiscal* files an information charging Avelino Moreno with the crime of involuntary manslaughter, a felony, committed as follows: On or about April 11, 1917, in the city and judicial district of San Juan, said Avelino Moreno, unlawfully and wilfully, while driving an automobile without due care or circumspection, negligently or carelessly struck a child named Manuel Reyes causing him injuries which resulted in his death shortly thereafter. This act is contrary to the law in such case made and provided and against the peace and dignity of The People of Porto Rico."

The theory of the appellant is that the acts of negligence or carelessness have not been specified, but when negligence is generally alleged as here and the circumstances under which the negligence happens are set forth, the failure to specify the particular character of the negligence, if a defect, is one of form. Also, if it is no defect and the defendant needs a further specification for his defense, he should make an application to the court for a bill of particulars. If it is a defect of form, the application should be for dismissal or by motion to quash, as was done in the case of *United States* v. *Holtzhauer*, 40 Fed. 76, cited by appellant. No such proceeding was had in this case and the question cannot be raised for the first time in this court. *People* v. *Paris*, 25 P. R. R. 103; *People* v. *Ramírez*, 25 P. R. R. 247, and cases cited; *People* v. *Cintrón*, 26 P. R. R. 218; *People* v. *Byron*, 103 Cal. 675. We are inclined to believe that the alleged defect was not even one of form, inasmuch as the defendant was notified that he was charged with running an automobile carelessly and without circumspection and with having run over a child, the day and place being named. On a proper showing he would have been entitled to a bill of particulars. When he went to trial, however, all these matters were waived.

The cases of *People* v. *Borque*, 25 P. R. R. 553, and *People* v. *Rivera*, 26 P. R. R. 393, were cases under the Motor Vehicles Act No. 75 of April 13, 1916 (Acts 1916, page 140), where such specification of the particular negligence was nec-

essary, as misdemeanors were being created, not necessarily depending on any principles of the existing Penal Code.

The second assignment of error is the most important. Appellant maintains that the verdict is against the weight of the evidence. There was evidence tending to show that the appellant, who is a chauffeur, accompanied by another chauffeur, was trying out a machine belonging to the Atlas Commercial Company. The accident took place in an alley or narrow street of San Juan where there are no sidewalks on either side. According to the only witness for the defense the defendant had no particular reason to enter this narrow place, but chose to go through there. It is a street that is rarely used by automobiles. At the trial a number of witnesses testified that they lived on this street and on both sides of it. These denizens have to pass in and out and of course, as it is a street seldom travelled, people will cross it freely and children will play therein and they are all within their legal rights. None of them have any reason to be particularly on guard against an automobile, even if contributory negligence were a large factor in the case, and in this regard the court's instructions were extremely liberal to the defendant.' The street was well populated, it may be inferred from the evidence. Given these facts, an automobile turning a corner entering this alley has to do so with very great care and, to spare human life and limb, must be prepared to stop almost immediately, as where there are no sidewalks, entry on turning a corner is very sudden and one is liable to run up against a person. We all know this in turning on foot a corner of a city street. Equally is it true that it is difficult, if not impossible, for an automobile to turn a corner of this kind from another narrow street at very rapid speed.

A child four years old was returning to its home in the alley of Norzagaray and had just turned the corner when

the automobile driven by the defendant and going down the street in the same direction struck it, producing wounds from which it appeared the child died the same day. The machine struck the child with its fore mud-guard and then was brought to a stop within a yard or a meter from the spot where the impact took place.

Three witnesses gave testimony that the machine was going with some speed, *"con velocidad, bastante a prisa,"* but there is no testimony to show whether this rate was over or under fifteen miles an hour, the rate allowed in an urban zone. At the request of the defendant the jury took a view of the alley or street, but the result of this view was in no way introduced into the record.

The appellant maintains that the Government did not show that the machine was going at excessive speed, or that it was going at such a rate that under the circumstances was "gross negligence" or "an utter disregard of human life."

With respect to the speed the appellant argues that, as the machine was brought to a stop within a yard from the place of impact, it was impossible that the automobile should be going rapidly. This is his main insistence. Independently of the fact that the jury had a right to judge of the speed from the words and gestures of the witnesses, two things are very plain. The first is that the machine, after striking the child with its front guard, went its own length and a yard more. The second is that the chauffeur may have seen the child slightly before he struck it and immediately began to reduce his speed. So that the jury had a right to infer that the machine was going as fast as it was possible to go turning this corner.

That courts convict for less than an "utter disregard for human life" appears from the cases of *People* v. *Blandford,* 23 P. R. R. 580, and *People* v. *Francis,* 19 P. R. R. 659, and the cases cited. That the machine in this case was not going

so rapidly as in the *Blandford Case,* cannot affect our decision. The accident in the *Blandford Case* did not take place in an urban zone. The jury had a right to believe from the evidence before it that the child did not suddenly introduce itself in front of the car.

From these considerations, and without stressing the question of speed, we feel bound to hold that the jury had a right to find that the defendant turned into this alley without the circumspection or care required by the law, and there is sufficient evidence to find that his action was gross negligence. The child was struck close to the left wall of the street and the jury would know whether the turn the defendant was making was right- or left-handed. To enter this narrow alley, inhabited as it is, a chauffeur is guilty of gross negligence if he does not reduce his speed to such an extent that he may stop almost immediately. That he was under the speed limit would make no difference. The fixing of a speed limit naturally does not give a chauffeur a right to go at such a speed at all times, but the rate at which he may go is governed by the physical situation in front of him.

It was also a circumstance that there was evidence tending to show that the chauffeur gave no warning.

The jury would know from its view of the street a number of things of which we cannot take judicial notice. Any doubt in this regard must operate against the appellant, as we have no plot of the alley or the street leading into it. See in this regard *People* v. *Blandford,* 23 P. R. R. 582.

The third assignment of error depends upon the alleged failure to prove the *corpus delicti.* Apparently no one in the court below doubted that the child was killed by the machine. The judge does not even mention the death in his resume of the facts, and under these conditions, if the death from the blow may be reasonably inferred from the statement of the witnesses in the record without the direct

proof by a physician, such a necessary inference may be made on appeal. The mother said, without objection, that her child was killed by a machine driven by the defendant. Many witnesses say that the machine passed over the child. Another witness said that he picked up the child, which was taken away from him and carried to a hospital where it died. From these statements, although possibly hearsay, the jury, in the absence of objection, had a right to infer that the child was dead, that it died almost immediately, and that its death was due to its being run over by the automobile. The defendant waives the necessity of direct evidence when he permits other testimony to go in at the trial.

The fourth assignment of error relates to the instructions, and the cases of *People* v. *Díaz,* 19 P. R. R. 497; *People* v. *Lassalle,* 18 P. R. R. 410; *People* v. *Ramírez de Arellano,* 25 P. R. R. 243–58, are applicable. The fact that the court in its instructions mentioned that the witnesses for the Government said that the machine was going faster than normal, was, at best, a statement of fact not binding on the jury. It was the interpretation that the court put on these statements, but the jury was given a free hand to believe them or not, as the court instructed the jury in speaking of a reasonable doubt. As it is made the duty of the court to sum up the evidence, it is the defense which should draw his attention to any alleged overstatement. Likewise, in the absence of a due prayer for an instruction, it was unnecessary for the court to tell the jury that they should take into special consideration the fact that the machine stopped within a yard, which fact, from our review of the evidence, was not necessarily decisive of the case.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.