EL PUEBLO, DEMANDANTE Y APELADO, *v.* MORENO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en causa por homicidio involuntario.

No. 1425.—Resuelto en febrero 26, 1920.

HOMICIDIO INVOLUNTARIO — ACUSACIÓN — ALEGACIÓN DE NEGLIGENCIA — ''BILL OF PARTICULARS.''—Cuando se imputa negligencia en términos generales y se alegan las circunstancias bajo las cuales dicha negligencia tuvo lugar, el hecho de no especificar la naturaleza particular de la negligencia, de ser un defecto, lo es de forma; y cuando el acusado necesita especificación de particulares debe solicitarla en tiempo o solicitar la desestimación de la acusación o el sobreseimiento del proceso si entiende que la acusación contiene defectos de forma; pero estas cuestiones no pueden ser levantadas por primera vez en apelación.

ID.—ESPECIFICACIÓN DE LA NEGLIGENCIA.—La especificación de la negligencia a que se refieren la Ley de Automóviles de 1916 y la jurisprudencia establecida en los casos seguidos por violación de dicha ley, no es necesaria en un caso establecido bajo un precepto del Código Penal.

CULPA LATA (GROSS NEGLIGENCE)—AUTOMÓVILES.—Un *chauffeur* es culpable de
    culpa lata (*gross negligence*) si al entrar en un callejón estrecho que está
    habitado, no reduce la velocidad de su automóvil hasta tal punto que pueda
    detenerlo casi instantáneamente.

ID.—PRUEBA DEL FALLECIMIENTO DE LA VÍCTIMA.—Si el acusado deja de objetar
    oportunamente la evidencia presentada para probar la muerte de la víctima
    del accidente, se entiende que renuncia a la necesidad de la mejor prueba.

ID.—INSTRUCCIONES AL JURADO.—Si el acusado no está conforme con alguna de
    las instrucciones al jurado o desea que se dé una instrucción en particular, a
    su defensa incumbe levantar estas cuestiones en la corte inferior.

Los hechos están expresados en la opinión.

Abogado del apelante en la Corte Suprema: *Sr. M. A.
Muñoz.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El primer error alegado es que siendo la acusación por homicidio en ella no se alegaron hechos constitutivos de un delito público. La acusación es como sigue:

"El Fiscal formula acusación contra Avelino Moreno por un delito de homicidio involuntario, *felony*, cometido de la manera siguiente: El citado Avelino Moreno, allá el día 11 de abril de 1917, en San Juan, que forma parte del distrito judicial del mismo nombre, ilegal y voluntariamente y en ocasión de guiar un automóvil sin la debida prudencia o circunspección, por negligencia o descuido, arrolló al niño Manuel Reyes, infiriéndole varias contusiones que le produjeron la muerte a los pocos momentos. Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad del Pueblo de Puerto Rico."

La teoría sustentada por el apelante es que los actos de negligencia o descuido no han sido especificados, pero cuando se imputa negligencia en términos generales como en el presente caso y se alegan las circunstancias bajo las cuales dicha negligencia tiene lugar, el hecho de no especificar la naturaleza particular de la negligencia, de ser un defecto lo es de forma. Además, si no es un defecto y el acusado necesita más especificación de particulares para su defensa debe hacer solicitud a la corte pidiendo una especificación de

particulares. Si es un defecto de forma, la solicitud deberá ser para que se desestime la acusación o mediante moción solicitando el sobreseimiento como se hizo en el caso de *United States* v. *Holtzhauer,* 40 Fed. 76, citado por el apelante. No hubo tal procedimiento en este caso y la cuestión no puede ser levantada por primera vez en esta Corte, *El Pueblo* v. *París.* 25 D. P. R. 111; *El Pueblo* v. *Ramírez,* 25 D. P. R. 263; y casos citados. *El Pueblo* v. *Cintrón,* 26 D. P. R. 246; *People* v. *Byron,* 103 Cal. 675. Nos inclinamos a creer que el supuesto defecto ni siquiera fué de forma, puesto que el acusado fué notificado de que se le imputaba el hecho de guiar un automóvil negligentemente y sin la debida circunspección y haber arrollado a un niño en el día y lugar que se mencionan. De haberlo solicitado en debida forma dicho acusado hubiera tenido derecho a una especificación de particulares. Sin embargo, al ir al juicio renunció a todas estas cosas.

Los casos de *El Pueblo* v. *Borque,* 25 D. P. R. 594, y *El Pueblo* v. *Rivera,* 26 D. P. R. 439, fueron establecidos de acuerdo con la Ley de Automóviles. No. 75, de 1916, en los que dicha especificación en cuanto a la negligencia en particular era necesaria, pues establecían delitos de *misdemeanor* que no dependían necesariamente de ninguno de los principios del actual Código Penal.

El segundo señalamiento de error es el más importante. Sostiene el apelante que el veredicto es contrario al peso de la prueba. Hubo prueba tendente a mostrar el hecho de que el apelante, que es un *chauffeur,* acompañado por otro *chauffeur,* estaban probando un automóvil perteneciente a el "Atlas Commercial Company". El accidente tuvo lugar en un callejón o calle estrecha de San Juan donde no hay aceras en ninguno de sus lados. Según el único testigo de la defensa el acusado no tenía ninguna necesidad particular de entrar en este lugar estrecho, pero resolvió pasar por allí. Es una calle por donde raras veces pasan los automóviles. En el juicio un número de testigos declaró que vivían en

esta calle y en ambos lados de la misma. Estas personas tienen que entrar y salir, y desde luego como es una calle de poco tránsito, las personas la cruzan libremente y los niños juegan allí, a todo lo cual tienen derecho. Ninguno de ellos está en la obligación de estar en vela de los automóviles, aun cuando la negligencia contributoria fuera gran factor en el caso, y en cuanto a esto las instrucciones de la corte fueron sumamente liberales para el acusado. Puede inferirse de la prueba que la calle estaba bien habitada. Dados estos hechos, un automóvil que dobla por una esquina y entra en este callejón tiene que hacerlo con gran cuidado y para no ocasionar alguna muerte o daño a una persona debe estar dispuesto a detenerse casi inmediatamente, pues donde no hay aceras el entrar doblando una esquina es cosa que se hace muy de repente y puede uno ir a chocar contra una persona. Esto todos sabemos que sucede al doblar a pie una esquina de una calle de la ciudad. Es asimismo cierto, que es difícil, sino imposible, que un automóvil doble una esquina como ésta al salir de otra calle estrecha con gran velocidad.

Un niño de cuatro años de edad regresaba a su casa por el callejón de "Norzagaray" y acababa precisamente de doblar la esquina cuando fué cogido por el automóvil que conducía el acusado y que bajaba por la calle en la misma dirección, ocasionándole lesiones de las cuales, según aparece, falleció el niño el mismo día. El automóvil agolpeó al niño con su guarda lodo delantero parando entonces a una distancia de una yarda o un metro del lugar donde el choque ocurrió. Los testigos declararon que el automóvil iba con velocidad, bastante aprisa, pero no existe prueba que demuestre si esta velocidad era mayor o menor de quince millas por hora, o sea la fijada para la zona urbana. A solicitud del acusado el jurado hizo una inspección ocular del callejón o calle, pero no se llevó a los autos constancia alguna del resultado de esta inspección ocular.

Sostiene el apelante que el Gobierno no probó que el automóvil caminaba a una velocidad excesiva, o que llevaba

tal velocidad que dentro de las circunstancias del caso constituía culpa lata (*gross negligence*) o "sin miramiento alguno" (*an utter disregard of human life*).

Con respecto a la velocidad arguye el apelante que puesto que el automóvil fué parado dentro de una yarda del lugar en que ocurrió el choque, era imposible que fuera rápidamente. Este es el punto en el cual se insiste principalmente. Independientemente del hecho de que el jurado tenía derecho a juzgar la velocidad teniendo en cuenta las palabras y comportamiento de los testigos, dos cosas resultan muy claras. La primera es que chocando el automóvil con el niño con su guarda fango delantero, corrió a una distancia igual a su tamaño y una yarda más. La segunda es que el *chauffeur* puede haber visto al niño poco antes de cogerlo, e inmediatamente empezó a rebajar su velocidad. De modo que el jurado tenía derecho a suponer de esto que el automóvil iba tan ligero como podía correr al doblar una esquina como esa.

Que las cortes condenan por menos de un acto realizado "sin miramiento alguno", aparece de los casos de *El Pueblo* v. *Blandford,* 23 D. P. R. 625, y *El Pueblo* v. *Francis,* 19 D. P. R. 692, y los casos citados. Que el automóvil en este caso no iba tan ligero como en el caso de Blandford es cosa que no puede afectar a nuestra decisión. El accidente en el caso de Blandford no tuvo lugar en una zona urbana. El jurado tenía derecho a creer en vista de la prueba que se le presentó, que el niño no se puso repentinamente frente al automóvil:

Por estas consideraciones y sin insistir en la cuestión de la velocidad nos sentimos obligados a declarar que el jurado tenía derecho a llegar a la conclusión de que el acusado dobló por este callejón sin la circunspección o cuidado que la ley exige y hay prueba suficiente para concluir que actuó con culpa lata (*gross negligence*). El niño fué cogido muy cerca de la pared izquierda de la calle y el jurado sabía si la vuelta que daba el acusado era o no hacia el lado derecho o izquierdo. Al entrar en este callejón estrecho, es

tando como está habitado, un *chauffeur* es culpable de culpa
lata (*gross negligence*) si no reduce su velocidad hasta tal
punto que pueda parar su automóvil casi inmediatamente.
El hecho de que llevara menos velocidad que el límite fijado
por la ley no establece diferencia alguna. El fijar un límite
de velocidad como es natural no confiere a un *chauffeur* de-
recho alguno de llevar tal velocidad en todas las ocasiones
pero la velocidad a que puede ir está regulada por la posi-
ción topográfica del camino que recorre. Fué también una
circunstancia, que hubo prueba tendente a mostrar que el
*chauffeur* no dió aviso.

El jurado debió conocer, en vista de la inspección ocular
que hizo de la calle, un número de cosas de las cuales no
podemos tomar conocimiento judicial. Cualquier duda que
pueda haber en este sentido debe resolverse en contra del
apelante, pues no tenemos plano alguno del callejón o de
la calle que a él conduce. Véase en cuanto a este punto el
caso de *El Pueblo* v. *Blandford,* 23 D. P. R. 625.

El tercer señalamiento de error se funda en la supuesta
omisión de establecer el *corpus delicti.* Aparentemente nadie
en la corte inferior dudó que el muchacho fué muerto por
el automóvil. El juez ni siquiera mencionó la muerte en el
resumen que hace de los hechos y si de dicha exposición de
hechos puede inferirse razonablemente la muerte originada
por el golpe según las manifestaciones de los testigos que
constan en los autos sin la prueba directa de un médico, di-
cha inferencia puede hacerse en la apelación. La madre dijo,
sin que se le hiciera objeción, que su hijo fué muerto por
el automóvil que guiaba el acusado. Muchos de los testigos
manifiestan que el automóvil le pasó por encima al niño.
Otro testigo dijo que él lo recogió, que se lo quitaron y lo
llevaron al hospital donde murió. De estas manifestaciones
aunque fueran de referencia, lo que no consta, el jurado a
falta de objeción, tenía derecho a inferir que el niño había
muerto, que murió casi inmediatamente y que su muerte fué
debida a haber sido arrollado por el automóvil. El acusado

renuncia a la necesidad de la prueba directa cuando permite que se presente otra prueba en el juicio.

El cuarto señalamiento de error se refiere a las instrucciones y son de aplicación los casos de El Pueblo v. Díaz, 19 D. P. R. 520; El Pueblo v. Lassalle, 18 D. P. R. 421; El Pueblo v. Ramírez de Arellano, 25 D. P. R. 263. El hecho de que la corte en sus instrucciones manifestara que los testigos del Gobierno dijeron que el automóvil iba a una velocidad mayor que la corriente, a lo sumo fué una exposición de un hecho que no obligaba al jurado. Fué la interpretación que la corte dió a estas manifestaciones, pero el jurado estaba libre para creerlas o no según le instruyó la corte al jurado al hablar de una duda razonable. Puesto que la corte está en el deber de hacer un resumen de la prueba, es la defensa la que tiene que llamarle la atención respecto a cualquier extralimitación que se alegue. Asimismo a falta de la debida solicitud interesando una instrucción era innecesario para la corte decir al jurado que debían dar consideración especial al hecho de que el automóvil paró a la distancia de una yarda, hecho que, según el examen que hacemos de la prueba no era necesariamente decisivo en el caso.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.