## El Pueblo *v.* Aponte et al.

### Apelación procedente de la Corte de Distrito de Guayama.

No. 72. Resuelto en Noviembre 11, 1905.

Apelación.—Transcripción de autos.—Prueba practicada en el juicio.—En los casos en que el apelante hubiere dejado de incluir en la transcripción de autos para la apelación la prueba practicada en el juicio, y no expusiere razón alguna que justificare tal omisión, no es procedente ordenar agregación á los autos para subsanar de ese modo la falta cometida.

Acusación.—Suficiencia de la misma.—En los casos en que la acusación contuviere todos los requisitos expresados en el art. 82 del Código de Enjuiciamiento Criminal, el Tribunal deberá declararla válida y suficiente, no siendo necesario indicar en ella el artículo del Código en que estuviere previsto y castigado el delito que se imputa al acusado, por ser materia de conocimiento judicial.

Id.—Excepciones á la acusación.—Apelación.—Si el acusado dejare de presentar oportunamente excepciones á la acusación, y entrara en juicio sin someterlas á la consideración de la Corte, se entenderá que renuncia á ellas, y no podrá presentarlas por primera vez en la apelación.

Id.—Facultades del Fiscal General de Puerto Rico.—Nombramiento de Fiscales especiales.—El Fiscal General ó Attorney General de Puerto Rico, no sólo tiene los mismos poderes que pueda tener un Fiscal de Distrito en relación con las causas criminales que se instituyan en los respectivos distritos, sino que tiene además la facultad de delegar tales poderes, y designar Fiscales especiales que asuman su representación en determinados casos, sin que las disposiciones del art. 82 del Código de Enjuiciamiento Criminal le priven de tales facultades.

Id.—Objeciones contra la acusación.—Apelación.—Una acusación no es menos defectuosa por estar firmada y jurada por una persona que no tenga facultades para ello, que por dejar de estar firmada y jurada por el Fiscal del Distrito, y en su virtud, en uno y otro caso, el acusado debe pedir á la Corte de Distrito que se desestime, y si no lo hiciere entonces, no podrá hacerlo después en la apelación, ni constituye ello un error fundamental que pueda servir de base al recurso.

Id.—En los casos en que el acusado hubiera tenido conocimiento de la naturaleza del cargo formulado contra él, y no hubiere opuesto objeción alguna contra la acusación ante la Corte inferior, muy grave tiene que ser el defecto que contenga la acusación para justificar la revocación de la sentencia por tal motivo.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal

Es esta una apelación procedente de la Corte de Distrito de Guayama. Los acusados fueron declarados culpables de infracción á las leyes electorales. En las trascripciones de autos no se incluyó la prueba practicada en el juicio, pero antes de que la vista tuviera lugar ante el Tribunal, el abogado de los apelantes suplicó que se les permitiera presentar copia de las declaraciones tomadas en el juicio. La Corte negó la solicitud. Los apelantes suplicaron que se reconsiderara la resolución denegatoria, pero como no dieron excusas de la falta que en un principio cometieron, el Tribunal no encuentra razón alguna que justifique la reconsideración suplicada. El derecho que pueda tener el tribunal para adicionar el récord de este modo es más dudoso. Por consiguiente, no podemos tomar en consideración los errores del Tribunal en las resoluciones que dictara con respecto á la prueba.

Los apelantes consideran como error fundamental los defectos que, según alegan, contiene la acusación y sostienen, aunque no aparece que este punto haya sido establecido en el tribunal inferior, que los errores que acusan son fundamentales y que este Tribunal tiene el derecho de tomarlos en consideración por estar autorizado para ello por las diferentes leyes de la Asamblea Legislativa que determinan la jurisdicción de apelación de este Tribunal en causas criminales. Uno de estos errores que se dicen cometidos es que la acusación no expresa el artículo de la Ley Electoral que los acusados hayan infringido; pero no encontramos que se haya omitido ninguno de los requisitos que exige el artículo 82 del Código de Enjuiciamiento Criminal. No habiéndose omitido ninguno de estos requisitos la ley exige que el Tribunal declare que la acusación es suficiente. El delito fué expuesto con toda claridad. Los acusados fueron notificados en términos precisos de las faltas por ellos cometidas y que constituían una infracción de las leyes. En tales casos no es ne-

cesario citar con toda precisión los artículos infringidos. Es este un asunto de conocimiento público y de conocimiento del tribunal y parece tener aplicación el artículo 84 del Código de Enjuiciamiento Criminal. Sin embargo, como fueron al juicio sin haber planteado la cuestión debe considerarse que han renunciado los derechos que de dicho defecto pudieran haberse derivado en su favor. Esta cuestión no puede plantearse por primera vez ante el Tribunal de apelación.

Como principal fundamento de error en esta apelación el distinguido abogado de los apelantes sostiene que la acusación no es suficiente por estar firmada por E. B. Wilcox, "fiscal especial", y no por el fiscal de distrito en que se seguía la causa. El abogado de los apelantes sostiene que, según los artículos 95 y 106 del Código de Enjuiciamiento Criminal, el fiscal de distrito es el único funcionario autorizado para presentar una acusación. Ahora bien, el artículo 64 del Código Político dispone que el Attorney General representará al pueblo de Puerto Rico en todos los procedimientos, así civiles como criminales, dispone también que los procesos criminales, excepto como queda establecido en el art. 74, serán conducidos por el fiscal del respectivo Tribunal sin especial autorización del Attorney General y que en todos esos casos el Attorney General podrá intervenir en interés público. De donde se deduce claramente que el Attorney General tiene poder para intervenir en cualquier proceso.

El art. 4 del Código de Enjuiciamiento Criminal, dice lo siguiente:

"Llámase proceso criminal, el procedimiento por el cual se procesa y juzga á una persona acusada de delito público."

El art. 5 del Código de Enjuiciamiento Criminal, dispone lo siguiente:

"El proceso criminal se entabla á nombre del Pueblo de Puerto Rico, como parte actora, contra la persona acusada del delito."

Del artículo citado ultimamente se desprende que cualquier paso que se dé con respecto á una persona acusada de un delito forma parte del proceso, y que la acusación presentada en esta causa era parte del procedimiento ó proceso criminal seguido contra los acusados.

El art. 74 del Código Político, entre otras cosas, dispone lo siguiente:

: . . . . . . . . . . . . . . . .

"En caso de mala conducta oficial por parte de cualquier funcionario ó empleado del Gobierno Insular, (el Attorney General) presentará y llevará adelante la oportuna acusación ante el respectivo Tribunal. Se encargará de instruir el proceso de dichas acusaciones personalmente ó por medio del Attorney General Auxiliar, pudiendo, si fuere necesario, nombrar abogado especial."

Es evidente que el Attorney General, no solamente tiene las mismas facultades que el fiscal de cualquier distrito, sino que puede encomendarlas á cualquier agente especial, porque solamente es el que puede juzgar con respecto á la necesidad que exija el nombramiento de dicho abogado especial.

Es verdad que el art. 82 del Código de Enjuiciamiento Criminal entre otras cosas dice lo siguiente:

"La acusación es suficiente si de ella se deduce que ha sido suscrita y presentada al Tribunal por el Fiscal del Distrito en que el Tribunal está actuando."

Pero esta sección no hace más que expresar uno de los casos en que la acusación deberá considerarse suficiente, y no impide que la acusación se presente y firme por el Attorney General ó sus agentes debidamente autorizados. No puede discutirse en este momento si E. B. Wilcox, fiscal especial estaba autorizado por el Attorney General para representarle. Estando autorizado para representarlo no se encuentra pretexto alguno legal que le impida firmar la acusación que se discute. Si consideramos

este asunto en un sentido más general deduciríamos las mismas conclusiones.

La Ley Foraker en su sección 21 dispone:

"Que el Fiscal General tendrá todas las atribuciones y ejercerá todas las funciones que por la ley corresponden á un Fiscal de territorio en los Estados Unidos, hasta donde sean localmente aplicables."

La sección 18 dispone:

"............que los miembros del Consejo Ejecutivo tendrán facultad para emplear todos los delegados y ayudantes necesarios para el debido cumplimiento de sus obligaciones como tales funcionarios."

Por lo tanto, el Attorney General necesariamente debe tener la facultad de ser representado por otras personas á menos que haya algún precepto absoluto de la ley que lo prohiba, el cual no hemos podido encontrar.

Además, somos de opinión que los artículos 145, 146 y 83 del Código de Enjuiciamiento Criminal no permiten que los apelantes presenten en este estado la cuestión que han sometido con respecto á la manera en que fué firmada la acusación. Los art. 145 y 146 impiden que los acusados hagan objeciones en este momento con respecto á que la acusación no estuviera suscrita y jurada por el fiscal. Una acusación no es menos defectuosa por estar suscrita y jurada por otra persona que por haber dejado de firmarla el mismo Fiscal del Distrito en los casos en que el proceso se sigue á su instancia.

No podemos considerar bajo ningún concepto como errores fundamentales los que en ese sentido se han presentado. Los acusados sabían de que se les acusaba, y no hicieron objeción alguna en el Tribunal inferior con respecto á la manera en que fué presentada la acusación. Tuvieron un juicio completo y debe ser un caso muy particular aquél que obligue á esta Corte á revocar una sen-

tencia cuando las partes han sido debidamente notifica-
das del delito de que se les acusa. Ellos tuvieron amplias
oportunidades para preparar su defensa y un juicio com-
pleto é imparcial. Por estas razones, la sentencia debe con-
firmarse con las costas.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y
Asociados, Hernández, Figueras y MacLeary.