EL PUEBLO *v.* ENRIQUE OTERO & CO.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 394.—Resuelto en febrero 13, 1912.

DERECHO PENAL—INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—VENTA DE CERVEZA SIN LICENCIA.—Los elementos esenciales del delito de venta de ciertos artículos, y entre ellos de cerveza, sin obtener cada trimestre una licencia para ello, son el hecho de la venta y el haberla verificado sin haber pagado la licencia, por lo que no es necesario que se alegue más de una venta ni tampoco que se exprese la cantidad vendida, y por consiguiente, una sola venta y en cualquier cantidad, puede ser castigada si se verifica sin la licencia que impone la ley.

ID.—VENTA ENTRE SOCIOS.—Aun cuando de la denuncia en su sentido corriente y gramatical, aparezca que ambos acusados son socios de una razón comercial, y que el uno vendía al otro cerveza, eso no quita al hecho su carácter de delito.

ID.—SUSPENSIÓN DEL JUICIO—DISCRECIÓN DE LA CORTE SENTENCIADORA.—Una moción para suspender un juicio descansa en la sana discreción del juez que conoce del asunto, y para que el Tribunal Supremo en apelación altere la resolución de la corte inferior, es necesario que se demuestre que se abusó de esa facultad discrecional y la mera alegación de que la suspensión se solicitó por estar ausente un testigo importante para el acusado, no es bastante para afirmar que la corte ejercitó mal el poder que le confiere la ley.

ID.—PRUEBA CONTRADICTORIA—APRECIACIÓN DE LA PRUEBA—PASIÓN, PREJUICIO O GRAVE ERROR.—Cuando la prueba es contradictoria y el juez resuelve ese conflicto en la evidencia, este tribunal no puede ir contra su apreciación, a menos que se demuestre que obró influído por pasión, prejuicio o con grave error.

Id.—Venta de Cerveza sin Licencia—Nombre del Comprador—Materia Superflua.—En una denuncia por venta de cerveza sin haber pagado la licencia que requiere la Ley de Rentas Internas, es innecesario consignar el nombre del comprador, y si se consigna, es innecesario probarlo por ser materia superflua, por lo que una discrepancia entre la prueba y la denuncia respecto a este extremo, no es fatal porque resulta una variante en algo que no es esencial para la acusación.

Id.—Veredicto—Discrepancia con la Prueba—Falta de Objeción Contra la Prueba.—Después de un veredicto no puede alegarse su discrepancia con la prueba, a menos que aparezca del récord que tal discrepancia es fatal, y no interponiendo el acusado objeción a la evidencia, no puede alegar su discrepancia por primera vez en apelación.

Id.—Revocación de la Sentencia—Error en las Alegaciones o Procedimientos,—Derechos Esenciales del Acusado.—De acuerdo con el artículo 461 del Código de Enjuiciamiento Criminal, ningún error en las alegaciones o en los procedimientos bastará para invalidarlos a menos que real y efectivamente haya perjudicado al acusado o tienda a perjudicarlo en sus derechos esenciales.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José L. Pesquera.*

Abogado del apelado: *Sr. Charles E. Foote, Fiscal.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

La Corte de Distrito de San Juan, sección 2ª., conoció en grado de apelación de una denuncia presentada en la corte municipal de Bayamón que en lo necesario dice así:

"Yo, Jacobo Marks, vecino de Bayamón, calle del Marti, No.... de 31 años, formulo denuncia contra Enrique Otero y Mellón y Modesto Moledo, socios de la firma de E. Otero y Co., por el delito contra las Leyes de Rentas Internas cometido de la manera siguiente: que en el mes de enero de 1911 y en Bayamón del Distrito Judicial Municipal de Bayamón, dichos Enrique Otero y Mellón y Modesto Moledo, de la firma de E. Otero y Co. ilegal y fraudulentamente se vendían cerveza al por mayor, sin que para ello tuviesen la licencia prescrita por la Ley de Rentas Internas, siendo todo ello contrario a la ley para tal caso hecha y prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

La sentencia pronunciada por la Corte de Distrito, absolvió a Modesto Moledo y declaró culpable a Enrique Otero, quien interpuso contra ella el presente recurso de apelación.

Aun cuando el apelante no ha presentado alegato escrito para sostener su apelación, sin embargo, su abogado asistió a la vista del caso en la que, oralmente, expresó los motivos por los que estimaba errónea la resolución de la corte inferior que desestimó su petición de que desestimara la denuncia.

La falta de claridad en la exposición de los hechos que la denuncia estima constitutivos de delito, que fué el fundamento de la moción desestimada por la corte inferior, se hace consistir en no haberse alegado más de una venta, en decir que ésta se verificó entre socios y en no expresar la cantidad que fué vendida.

La Ley de Rentas Internas impone a toda persona que desee traficar con ciertos artículos, entre ellos la cerveza, el deber de obtener cada trimestre una licencia mediante el pago de cierta cantidad de dinero y castiga al que sin ella empezare o se dedicare a ese tráfico, sin que en nada altere la naturaleza del delito, ni la pena con que se castiga, el hecho del distinto precio de la licencia, según sea para vender al por mayor o al por menor, esto es, para venderlo a otro comerciante o a algún particular.

Lo que castiga la ley es la venta de ciertos artículos sin haber pagado la licencia que ella exige, y por tanto, estos son los elementos esenciales o integrantes de ese delito, por lo que no es necesario que se alegue más de una venta, ni tampoco que se exprese la cantidad vendida, y por consiguiente, una sola venta y en cualquier cuantía puede ser castigada, si se verifica sin la licencia que impone la ley.

En cuanto al otro fundamento de ese error, la denuncia en su sentido corriente y gramatical, imputa a los acusados el hecho de que mutuamente se vendían cerveza, o sea, que el apelante la vendía a Moledo, y éste a aquél; pero el que de la propia denuncia aparezca que ambos acusados son socios de una razón comercial, no quita al hecho su carácter de delito, si es cierto que el apelante vendió a Moledo.

Por consiguiente, la denuncia no adolece de falta de claridad y era suficiente para conocer del delito imputado.

El apelante pidió al comenzar el juicio que éste fuera transferido para otro día por faltarle su testigo más importante, moción que negó la corte exponiendo como motivos para ello, que ya por ese fundamento lo había suspendido tres días antes y que el acusado tuvo oportunidad para hacerlo comparecer.

Como una moción para suspender un juicio descansa en la sana discreción del juez que conoce del asunto, para que nosotros alteremos su resolución es necesario que se nos demuestre que abusó de su facultad discrecional; y como respecto a este particular lo único alegado es que el testigo era importante para el acusado, no basta esto para que digamos que la corte ejerció mal el poder que le confiere la ley. *El Pueblo* v. *Guzmán,* 15 Dec. de P. R., 295.

El último motivo de error que se adujo oralmente es que la prueba no es suficiente para sostener una sentencia condenatoria.

En este caso no hay carencia de prueba, sino que es contradictoria; mas habiendo resuelto el juez ese conflicto de la evidencia, no podemos ir contra su apreciación, según hemos resuelto en repetidos casos, a menos que se nos demuestre, lo que no se ha hecho, que obró influído por pasión, prejuicio o con grave error.

Y tampoco puede sostenerse que la prueba era insuficiente para sostener la sentencia condenatoria por el hecho de que la evidencia demuestra una venta a persona distinta de la mencionada en la denuncia, ya que como hemos dicho, los elementos esenciales del delito imputado son la venta de cerveza sin haber pagado la licencia que exige la ley; de donde se sigue que importa poco que la venta se haya hecho a tal o cual persona, por lo que es innecesario consignar en la denuncia el nombre del comprador, porque si éste se omite, la acusación seguirá siendo buena. Por tanto, no siendo necesario consignar el nombre del comprador, si a pesar de ello se hiciere así, resultaría materia superflua que sería por tal motivo innecesario probar y en consecuencia no será fatal una

discrepancia entre la prueba y la denuncia respecto a este extremo, porque resultaría una variante en algo que no es esencial para la acusación o denuncia:

Es además regla general, que después de un veredicto no puede alegarse su discrepancia con la prueba, a menos que aparezca del récord que tal discrepancia es fatal, lo que no ocurre en el presente caso, pues a más de las razones expuestas, resulta que al empezar el juicio conocía el apelante el hecho concreto sobre que iba a presentarse la evidencia contra él, demostrado por el hecho de pedir la suspensión del juicio por falta de un testigo que le era necesario para rebatir tal evidencia.

El apelante no hizo objeción a la evidencia y ahora no puede levantarse por primera vez esa cuestión. (Véase *People* v. *Formosa,* 131 N. Y. C. A., 480.)

Además, de acuerdo con el artículo 461 del Código Penal vigente en Puerto Rico, ningún error en las alegaciones o en los procedimientos bastará para invalidarlos a menos que real y efectivamente haya perjudicado al acusado o tienda a perjudicarle, en cuanto a algún derecho sustancial; y ya hemos visto que la discrepancia, si la hubo, entre la denuncia y la evidencia, no perjudicó al apelante porque conoció al comenzar el juicio sobre cuál hecho había de versar.

Y para concluir, diremos también que la redacción de la denuncia nos hace presumir que el pronombre *se* huelga en esa alegación y que no se quiso decir que los dos acusados se vendían cerveza el uno al otro, sino que ellos la vendían.

Por las razones consignadas, la sentencia debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y del Toro.