EL PUEBLO, DEMANDANTE Y APELADO, *v.* PARÍS, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en causa por hurto de menor cuantía.

No. 1128.—Resuelto en abril 10, 1917.[1]

SOBRESEIMIENTO DEL PROCESO—APLAZAMIENTO POR MÁS DE CIENTO VEINTE DÍAS—
PRESUNCIÓN.—Solicitado por un acusado el sobreseimiento del proceso por-
que el juicio fué suspendido por la corte sin justa causa por más de ciento
veinte días, a contar desde la presentación de la acusación, debe exponer
las razones que hubieron para el aplazamiento o que se hizo sin haber razón
alguna para ello, pues la presunción es, mientras no se demuestre lo con-
trario, que hubo justa causa para ordenarlo.

HURTO DE MAYOR CUANTÍA—USO DE LA PALABRA "SUSTRAER"—OBJECIONES A
LA ACUSACIÓN.—Cuando en una acusación por delito de hurto de mayor cuan-
tía se usa la palabra "sustraer," ésta equivale de modo suficiente a una
o más de las palabras inglesas "*taking*," "*carrying*," "*leading*" o "*driv-
ing away*," no pudiendo hacerse propiamente ninguna objeción a su uso.

ACUSACIÓN—ESPECIFICACIÓN DE PARTICULARES—LUGAR DE LA COMISIÓN DEL DE-
LITO.—A menos que se solicite mayor especificación de particulares (*bill
of particulars*), una acusación es generalmente suficiente en lo que respecta
al lugar o sitio de la comisión del delito, si se prueba que dicho lugar está
dentro del distrito de la corte.

DESESTIMACIÓN DE ACUSACIÓN—DEFECTO EN EL JURAMENTO DE LOS TESTIGOS.—
De existir algún defecto en el juramento de los testigos de la acusación,
debe alegarse, conforme a los artículos 144 y 152 del Código de Enjuicia-
miento Criminal, antes del juicio. Ha de ser antes de darse lectura a la
acusación (*arraignment*), a menos que la corte conceda un permiso especial
para ello.

ID.—EXCEPCIONES PERENTORIAS—ALEGACIONES—TIEMPO OPORTUNO PARA FORMU-
LARLAS.—La moción para desestimar una acusación debe preceder a la excep-
ción perentoria. Al formularse esta última, que debe serlo el día en que
se lea la acusación o en cualquier otro momento fijado por la corte, o al
hacerse una alegación, se renuncia a toda moción para desestimar. Al for-
mularse una alegación, que deberá hacerse antes del día del juicio, se renun-
cia a la excepción perentoria. Una corte está, por tanto, justificada al ne-
garse a considerar una excepción si se presentare por primera vez en el día
del juicio. La Corte Suprema estará dispuesta a hacer caso omiso de una
excepción de tal modo presentada, a menos que sea de naturaleza privile-
giada, como la de falta de jurisdicción o la de dejarse de imputar un delito
público.

Los hechos están expresados en la opinión.
Abogado de la apelante: Sr. *Eduardo López Tizol.*
Abogado del apelado: Sr. *Salvador Mestre, Fiscal.*

---

[1] En 20 de abril de 1917 fué denegada una moción de reconsideración de la sentencia.

EL JUEZ ASOCIADO. SR. WOLF, emitió la opinión del tribunal.

La apelante fué acusada por un delito de hurto de mayor cuantía y declarada culpable de hurto de menor cuantía. El día del juicio y antes de que fuera llamado el jurado, presentó dicha apelante una moción a la corte solicitando el sobreseimiento del proceso, alegando en efecto, que el juicio había sido suspendido sin justa causa por más de 120 días a contar desde la presentación de la acusación. Pero la apelante nada dijo acerca de las razones que hubo para hacer los anteriores aplazamientos, o ni siquiera que se hicieron sin haber razón para ello. Como se admite que las anteriores suspensiones fueron hechas por la corte, la presunción que surge, a menos que se demuestre lo contrario, es que hubo justa causa para ordenarlas.

Inmediatamente de declarada sin lugar esta moción la acusada formuló una excepción perentoria. Los fundamentos de esta excepción perentoria en realidad fueron objeciones de naturaleza formal y no de los méritos de la acusación, siendo por lo demás insostenible. Con respecto al primero de dichos fundamentos, simplemente diremos que la palabra "sustraer" usada en la acusación, equivale de modo suficiente a una o más de las palabras inglesas "*taking*," "*carrying*," "*leading*" o "*driving away*," no pudiendo hacerse propiamente ninguna objeción a su uso.

Recientemente hemos dicho en el caso de *El Pueblo* v. *Girón*, (pág. 36) que una acusación es generalmente suficiente en lo que respecta al lugar o sitio de la comisión del delito, si se *prueba* que dicho lugar está dentro del distrito. Por tanto, era innecesario a falta de una moción interesando mayor especificación de los particulares de la acusación (*bill of particulars*) dar más detalles de la residencia del denunciante que decir que la casa en que el supuesto hurto tuvo lugar se encontraba en Santurce. En la descripción que se hacía de la casa en la acusación se decía que en ella vivía el denunciante, dato que ayudaba más a su identificación si es

que la acusada necesitaba más detalles. La descripción de la sortija que se alega fué robada era asimismo suficiente a falta de la debida solicitud interesando más detalles.

También hemos resuelto en el caso de *El Pueblo* v. *Girón, supra,* que de existir algún defecto en el juramento de los testigos de la acusación, deberá alegarse antes del juicio. Ha de ser antes de darse lectura a la acusación (*arraignment*), a menos que la corte haya concedido un permiso especial, como luego veremos. Los demás fundamentos no merecen consideración, especialmente de acuerdo con el criterio general que tenemos de las objeciones que no son de naturaleza privilegiada, como la falta de jurisdicción, dejar de imputarse un delito público, y quizás una o dos más.

El apelante sin haber solicitado y obtenido primero permiso de la corte, formuló estas objeciones en el día del juicio. Con la posible excepción de la falta de un juicio rápido, todas estas objeciones se hacen demasiado tarde. Tanto en los casos civiles como en los criminales hay un día señalado para hacer las alegaciones y en los casos criminales, según los artículos 144 y 152 este día es aquél en que se da lectura a la acusación.

Un número de acusados ha creído, con la tolerancia al parecer de algunas cortes, que el acusado puede formular cualquier excepción perentoria (*demurrer*) u objeción a una acusación en el día del juicio. No existe autoridad alguna que sostenga este parecer. El artículo 145 expresa los casos en que será desestimada una acusación, pero dice el 146 que si el acusado no pidiere que la acusación sea desestimada, no podrá luego interponer las objeciones mencionadas en dicho artículo 145. Según los precedentes y el lugar que ocupa en el mismo código, la moción para desestimar la acusación debe preceder a la excepción perentoria. Al formularse una excepción previa (*demurrer*) o alegación, lo mismo en casos civiles que criminales, se renuncia a todas las mociones para desestimar la acusación, o la demanda, a no ser que la corte

en el ejercicio de su discreción permita que el caso vuelva a abrirse con tal fin.

Los artículos 144 y 152 del Código de Enjuiciamiento Criminal prescriben lo siguiente:

"Artículo 144.—Si al leer el acta de acusación, lo solicitare el reo, deberá concedérsele un término razonable, por lo menos un día, para contestar la acusación. En su contestación puede pedir que se desestime la acusación, interponer excepción perentoria, negar la acusación o confesarse culpable.

"Artículo 152.—Tanto la excepción perentoria, como la confesión o negación deberá hacerse en sala de justicia, bien al leerse el acta de acusación, o en cualquier otro tiempo que para ello le fuere concedido al acusado."

La excepción perentoria deberá, pues, formularse el día en que se lea la acusación, o en cualquier otra fecha que para ello conceda la corte. Puede surgir la cuestión de si en este caso la corte no permitió que fuera presentada la excepción perentoria en el día del juicio. Pero no se hizo ninguna moción solicitando permiso y podría interpretarse razonablemente la acción de la corte en el sentido de haber desestimado la excepción perentoria porque fué presentada demasiado tarde. Al formularse la alegación se renuncia a la excepción perentoria. *People* v. *Josephs,* 7 Cal. 129; *People* v. *Apple,* id. 290; *People* v. *Shotwell,* 27 Cal. 394; *Territory of Montana* v. *Duncan,* 5 Mont. 478. Todas las alegaciones deberán presentarse antes del día del juicio y la corte está justificada en negarse a considerar una excepción perentoria como tal si se presenta por primera vez en el día del juicio. Creemos que las mismas cortes inferiores se ahorrarán mucho tiempo, así como a los testigos y jurados, si en los casos en que las exigencias de la justicia no requieran que se adopte otro sistema insisten en que se cumpla estrictamente con esta regla. No es justo que los jurados y testigos tengan que estar esperando el día en que se les cita mientras las partes discuten cuestiones de derecho que han debido ser resueltas anteriormente. Tampoco es justo para los fiscales que se les presen-

ten súbitamente las cuestiones en el día del juicio. Ni que tenga la corte que considerar dichas cuestiones en forma tan sumaria. Si el abogado tiene que hacer una verdadera objeción a la acusación, especialmente si es formal, o técnica, no deberá hacerla como de sorpresa en el juicio. Estaremos dispuestos a hacer caso omiso de una excepción perentoria de tal modo presentada sobre cualquier cuestión, como dicha excepción no sea de la clase que hemos llamado privilegiada.

No queremos dar a entender que en manera alguna deba el acusado quedar limitado estrictamente al formular objeciones a la acusación. Si solicita permiso para ello antes del juicio y especialmente si no ha estado representado por abogado en el acto de la lectura de la acusación, la corte deberá ser enteramente liberal, pero deseamos insistir en el punto de que una objeción de naturaleza formal formulada a la acusación en el día del juicio se presenta demasiado tarde. El tiempo para hacer alegaciones ha pasado, como también el de formular objeciones, a menos que éstas sean de carácter privilegiado. La corte debe oir y resolver una excepción perentoria (*demurrer*) antes del día del juicio y los abogados tienen derecho a insistir en este punto.

La única otra cuestión que presenta este caso se refiere a la suficiencia de la prueba. La prueba tendió a acreditar la propiedad y pérdida de la sortija, haber sido empeñada dicha sortija por la acusada y la oportunidad que tuvo ésta para cogerla, puesto que la acusada era sirvienta de la casa en que vivía el denunciante. El principal eslabón en esta cadena de prueba circunstancial fué la declaración del testigo Llompart. Al preguntársele quién era la persona que había empeñado la sortija no pudo decir si era negra, mulata o blanca, pero al ser confrontado con la acusada la identificó como la persona que empeñó la sortija. La cuestión relativa al peso de su declaración era para el jurado resolverla y no vemos que haya habido razón para atacar su veredicto. Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.