EL PUEBLO, DEMANDANTE Y APELADO, *v.* RAMÍREZ ET AL., ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce, en causa por alterar la paz pública.

No. 1487.—Resuelto en abril 12, 1920.

ALTERACIÓN DE LA PAZ—DENUNCIA SUFICIENTE—ESPECIFICACIÓN DE PARTICULARES (BILL OF PARTICULARS).—Una denuncia por alterar la paz presentada contra varios acusados, que no expresa cuáles fueron las palabras que cada acusado en particular pronunció, pero les imputa conjuntamente el haber promovido un escándalo insultándose mutuamente y pronunciando determinadas palabras manifiestamente indecorosas al alcance del oído de mujeres

y niños, es suficiente. En tal caso si algún derecho tenían los acusados, era el de pedir que se hiciera más específica la denuncia, y su ejercicio por vez primera en apelación es demasiado tardío. *El Pueblo* v. *París*, 25 D. P. R. 111.

Sentencias en Casos Criminales — Discreción Judicial — Abuso de Discreción.—Cuando siendo varios los acusados convictos, la corte, en el ejercicio de su discreción impone a unos una pena más severa que a otros, el Tribunal Supremo no irá contra la sentencia a no ser que se demuestre un claro abuso de discreción por parte de la corte inferior.

Los hechos están expresados en la opinión.

Abogado de las apelantes: *Sr. A. Fiol Negrón.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

Pedro Díaz, policía insular, formuló denuncia contra María Luisa Chiclani, Emilia Ramírez y María Teresa Rivera, porque en determinados sitio y fecha, voluntaria y maliciosamente alteraron la paz formando un fuerte escándalo en el que se provocaron mutuamente, pronunciando palabras indecorosas (se expresan) al alcance del oido de mujeres y niños. Llegó la causa a la corte de distrito. María Luisa Chiclani se declaró culpable y la corte le impuso veinte días de cárcel. Siguió el juicio con respecto a las otras dos acusadas y oida la prueba, la corte las declaró culpables del delito de alterar la paz y les impuso a cada una la pena de noventa días de cárcel.

Al acto de la vista de la apelación sólo concurrió el fiscal pero las apelantes enviaron un escrito titulado "excepción perentoria" en el cual se alega que la denuncia no imputa a las acusadas la comisión de un delito público, porque no especifica cuáles fueron las palabras indecorosas que cada una pronunció.

Carece de fundamento la pretensión de las apelantes. Si bien la denuncia no dice en efecto cuáles fueron las palabras que cada una de las acusadas particularmente pronunció, les imputa conjuntamente el hecho de haber provocado to-

das un fuerte escándalo insultándose mutuamente y pronunciando determinadas palabras manifiestamente indecorosas al alcance del oido de mujeres y niños.   Y tal hecho perpetrado por todas claramente constituye una de las formas del delito que prevée y castiga el. artículo 368 del Código Penal.

Si algún derecho pudieron tener las acusadas fué tal vez el de pedir a la corte que ordenara que se hiciera más específica la acusación en cuanto a ellas, y esa cuestión es ya demasiado tarde para poder ser levantadas.   Véase el caso de *El Pueblo* v. *París*, 25 D. P. R. 111.

Sostienen también las apelantes en su escrito que la corte erró al imponer una pena desigual a las acusadas por el mismo delito.   La corte tenía discreción para graduar la pena y sólo en casos de un abuso de esa discreción podría intervenirse con la acción tomada por la misma.   Aquí no se ha demostrado que exista tal abuso.

Además en este caso concreto aparece explicada la causa de la desigualdad.   La corte impuso veinte días de cárcel a la acusada que se confesó culpable y noventa a las que fueron condenadas después de celebrado el juicio.   Para la primera imposición se atuvo la corte simplemente a la denuncia y para la segunda tuvo ante sí no sólo la denuncia si que también el resultado de las pruebas, pruebas que no se incluyeron en la transcripción de los autos.   Y debemos presumir que la evidencia al presentar en todos sus detalles el hecho perpetrado por las acusadas, demostró que era más grave de lo que a primera vista podía juzgarse y requería de parte del juez la imposición del máximum de la pena.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.