EL PUEBLO, DEMANDANTE Y APELADO, *v.* ROSALY, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Ponce en causa por infracción a la sección 44 de la Ley de Arbitrios.

No. 1480.—Resuelto en mayo 20, 1920.

INFRACCIÓN A LA LEY DE ARBITRIOS—LICENCIA PARA POSEER ALAMBIQUES.—La Ley Jones no ha derogado las artículos de las leyes de rentas que prohiben el poseer un alambique sin previa licencia, por lo que constituye una infracción de la sección 44. de la ley de arbitrios el tener una persona en su posesión, como dueño o guardián, un alambique sin haberlo inscrito en la Tesorería de Puerto Rico, ni haber prestado fianza para poseerlo.

DENUNCIA—OBJECIONES A LA DENUNCIA EN EL ACTO DEL JUICIO.—Objeciones por defectos de forma hechas a una denuncia en el momento del juicio son tardías y las cortes inferiores deben negarse a considerarlas, a menos que hubieran sido propuestas antes del juicio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. R. Martínez Nadal* y *L. Tormes.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso la denuncia imputaba una infracción del artículo 44 de la Ley de Arbitrios. Este artículo fué restablecido en la Ley de Arbitrios de 1919 y es el 61 de la Ley No. 55, leyes de ese año página 277.

De acuerdo con el referido artículo se imputó al apelante el delito de tener un alambique en su posesión como dueño o guardián del mismo sin haberlo inscrito en la Tesorería de Puerto Rico, ni haber llenado el requisito de prestar fianza para tenerlo en su posesión. Fué declarado culpable y condenado a pagar una multa de cien dólares, o en defecto de su pago a sufrir un día de cárcel por cada dollar que dejare de pagar, no excediendo la prisión de treinta días.

En apelación alega el apelante tres errores:

*Primero,* que no se le sometió debidamente a juicio dentro del término de 120 días, cuestión ésta que fué resuelta

directamente por nuestra decisión en el caso de *El Pueblo*
v. *Nigaglioni* (pág. 272).

*Segundo,* que la denuncia en la forma en que fué formu-
lada no determinaba un delito público, alegándose que los
artículos 71 y 72 del Código de Enjuiciamiento Criminal no
habían sido observados. La impugnación específica que se
hacía era respecto a la alegación alternativa de "dueño o
guardián", que es una cuestión puramente de forma. El
caso de *El Pueblo* v. *París,* 25 D. P. R. 111, y los numerosos
casos que siguen demuestran que la ley exige que las obje-
ciones como ésta hechas en el juicio son muy tardías y no
nos detendremos a examinar si la objeción hubiera sido vá-
lida de haberse formulado debidamente. Las cortes infe-
riores deben negarse a considerar objeciones formales de
ser hechas por primera vez en el día del juicio. No habría
nada en contra de la consideración de una objeción de esta
naturaleza en el día del juicio siempre que la debida moción
o excepción previa se hubiera presentado antes de esa fecha,
dando de este modo una oportunidad al fiscal para hacer
enmiendas, si lo deseaba. El Pueblo de Puerto Rico no debe
quedar sometido a objeciones formales mientras los jura-
dos y testigos están presentes y hay otros casos que van a
celebrarse.

*Tercero,* el apelante sostiene que después de la aproba-
ción de la Ley Jones o Ley del Congreso de los Estados
Unidos, de marzo 2 de 1917, no podía existir una condena
válida por virtud del artículo 44 *supra*. El argumento es,
por virtud de esa ley, el sufragio y consiguiente prohibición
de la fabricación de licores alcohólicos excepto para usos me-
dicinales y otros análogos, que las leyes de arbitrios relati-
vas a la fabricación de bebidas embriagantes han sido de-
rogadas. Sostiene en efecto el apelante, que ninguna per-
sona podía o debía ser obligada a presentar una solicitud
para usar un alambique cuando se prohibe la fabricación
y que El Pueblo de Puerto Rico no debe exigir los requisi-
tos del dueño de un alambique, cuyo fin último es el pago

de una patente por el uso de tal alambique y que sería inmoral que dicho Pueblo cobrara una contribución de patente en estas condiciones. El artículo 44, no obstante, no tiene por objeto castigar el estar en propiedad o posesión de un alambique, ni tampoco indican sus términos que los requisitos especificados son meramente medidas preliminares para la fijación de una patente. El artículo 44 es como sigue:

"Toda persona que tuviere en su posesión o custodia o a su disposición, como dueño, arrendatario, guardián o en otra forma, cualquier alambique o aparato para destilar, montado o desmontado, lo inscribirá en la oficina del Tesorero de Puerto Rico, firmando y archivando con dicho Tesorero una declaración por escrito haciendo constar el sitio particular donde dicho alambique o aparato destilador está situado o almacenado, la clase de alambique, y su capacidad cúbica, el nombre del dueño del mismo, sitio de su residencia y los fines para los cuales dicho alambique o aparato destilador se ha usado, está usándose o se propone usar y al serle exigido por cualquier oficial de rentas debidamente autorizado, proveerá acceso libre y sin restricción a dicho aparato con el fin de inspeccionarlo. Y toda persona que dejare de inscribir cualquier alambique o aparato destilador que estuviere en su poder o custodia o a su disposición, será culpable de delito menos grave (*misdemeanor*) y por la primera falta que así cometiere será multado en cantidad de no menos de cien ni más de quinientos dollars, o reducida a prisión por no menos de un mes ni más de un año; *Disponiéndose,* que por la segunda y cada subsiguiente falta que así cometiere, se impondrán ambas penas, multa y prisión; *Y disponiéndose, además,* que todo alambique o aparato destilador no inscrito será embargado por el Tesorero de Puerto Rico y por él confiscado y vendido en beneficio del Pueblo de Puerto Rico."

Dos cosas resultan claras, primera, que una persona pueda necesitar usar un alambique para los fines medicinales o científicos determinados en la Ley No. 69 de diciembre 5, 1917, o que pueda dicha persona tener ya un alambique que no sirva o sea ilegal. Si es para un fin lícito subsisten todas las razones originales del artículo 44. Si el alambique no sirve, o se usa para un fin ilegal la Legislatura puede, sin embargo, exigir su inscripción de manera que pueda perse-

guirse el tener un alambique y usarlo sin licencia. La Ley Jones no anula los artículos de las leyes de rentas que prohiben el uso de un alambique sin una licencia. Aún suponiendo que un proceso seguido por la fabricación ilegal sea una cuestión de jurisdicción federal por razón del artículo 2 de la Ley Jones, sin embargo, es ley conocida que un territorio puede adicionar la legislación federal y lo mismo que aquí, no siendo otro el objeto que impedir la instalación de alambiques ilegales, exigir la inscripción de todos ellos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.