El Pueblo de Puerto Rico, demandante y apelado, *v.* Pablo
de Jesús, acusado y apelante.

No. 2314.—*Visto:* Abril 2, 1925. *Resuelto:* Julio 10, 1925.

1. "Indictment" y Acusación—Renuncia de Defectos y Objecciones y Sub-
    sanación por Veredicto—Objeciones a la Falta de Juramento en las
    Acusaciones.—El no estar jurada una acusación por el fiscal es un defecto
    de forma que debe objetarse antes del juicio; de lo contrario se entiende
    renunciado y no puede ser levantado en apelación.
2. "Indictment" y Acusación—Requisitos Formales del "Indictment"—
    Juramento del Fiscal Innecesario.—En una acusación formulada por el
    gran jurado, el juramento del fiscal es innecesario.
3. Homicidio—"Indictment" y Acusación—Muerte a Consecuencia de Heri-
    das—Alegación de que la Herida es Mortal.—En una acusación no es
    necesario alegar que la herida inferida a la víctima era *mortal*, cuando los
    hechos expresados en la acusación demuestran que la víctima falleció como
    consecuencia de la herida inferida.
4. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Cuestiones
    Discrecionales—Suspensión de Juicios.—Denegada una solicitud de sus-
    pensión de juicio, el caso tiene que ser muy fuerte para convencer de que
    la no suspensión constituye abuso de discreción.

Sentencia de *Gabriel Castejón,* J. (Guayama), condenando al acu-
    sado por delito de asesinato en primer grado con atenuantes.
    *Confirmada.*

*Bolívar Pagán,* abogado del apelante; *José E. Figueras,* abogado de
    *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tri-
bunal.

La cuestión de renuncia (*waiver*) se ha extendido de un
modo imperfecto. Nuestra jurisprudencia en este sentido
parece que está aumentando en vez de disminuyendo, y en

materias que deben ser familiares a todos los abogados que ejercen su profesión. Existen tal vez tres períodos de renuncias (*waiver*), uno antes del juicio, otro en el juicio y el otro después de dictada sentencia o en apelación.

[1, 2] El primer señalamiento de error del apelante se debió al hecho de no haberse dado cuenta de que la cuestión alegada como error había sido renunciada de dos maneras. El apelante se queja de que la acusación es insuficiente porque no estaba jurada por el fiscal. Esta es una cuestión de forma y debe ser levantada antes del juicio. *El Pueblo* v. *París,* 25 D.P.R. 111 y casos; *El Pueblo* v. *Rosaly,* 28 D. P.R. 474. Si no se levanta antes del juicio o durante el juicio, tal alegado error no puede ser suscitado en apelación. *El Pueblo* v. *Aponte,* 9 D.P.R. 383; *El Pueblo* v. *Cintrón,* 26 D.P.R. 246; *El Pueblo* v. *Moreno,* 28 D.P.R. 104; *El Pueblo* v. *Ramírez,* 28 D.P.R. 313.

Penetrando siquiera ligeramente en la substancia del señalamiento, es evidente que esta objeción tardía no puede servir al apelante. Esta fué una acusación formulada por un gran jurado y el juramento del fiscal se ha hecho innecesario. Anteriormente su juramento era que la acusación se presentaba fundada en el interrogatorio de los testigos examinados ante él. Los testigos ahora comparecen ante el gran jurado y no ante el fiscal.

[3] El segundo señalamiento de error es que la acusación es insuficiente porque no alega que la herida inferida por el acusado a la víctima era una herida *mortal.* La acusación alega expresamente que Inés Vega Muñiz "a consecuencia directa de dicha herida de bala, falleció segundos después de recibir dicha herida." La jurisprudencia es clara en cuanto a que en una acusación o *indictment* es innecesario usar específicamente la palabra *"mortal"* si los hechos expresados demuestran que la víctima falleció como consecuencia de la herida inferida.

[4] A mitad del juicio el acusado deseaba utilizar a cierto policía como testigo y pidió su suspensión con tal fin. Para

obtener una suspensión existen ciertos requisitos que hemos consignado en los casos de *El Pueblo* v. *E. Otero & Co.*, 18 D.P.R. 51; *El Pueblo* v. *Román*, 18 D.P.R. 219, y *Dyer* v. *Rossy*, 23 D.P.R. 772. La corte tiene, por supuesto, discreción para suspender un caso sin estas formalidades, pero ha de ser un caso fuerte para que nos convenza de que el hecho de no suspender un juicio constituye abuso de discreción. El apelante no nos convence en absoluto.

El cuarto señalamiento de error se refiere a la apreciación de la prueba por el jurado, y el apelante no nos demuestra que se haya incurrido en error.

*Debe confirmarse la sentencia apelada.*