EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GENEROSO RODRÍGUEZ Y GERARDO QUIÑONES, acusados y apelantes.

No. 2732.—*Visto:* Noviembre 9, 1926. *Resuelto:* Julio 30, 1927.

1. ''INDICTMENT'' Y ACUSACIÓN—ENMIENDA—ACUSACIÓN FISCAL—SUSCRIPCIÓN Y JURAMENTO DEL FISCAL.—Cuando una acusación no está jurada y suscrita por el fiscal en la fecha en que es prestada y leída al acusado, el permitir la corte inferior que el fiscal subsane tal defecto no constituye error alguno.

2. SECRETARIOS DE LAS CORTES—FACULTADES DE LOS MISMOS—JURAMENTOS—SECRETARIOS INTERINOS.—Autorizado un subsecretario de una corte para actuar como secretario interino por renuncia del secretario, aquél puede, como tal, tomar juramento.

3. Secretarios de las Cortes—Nombramiento de los Mismos—Sub-secretarios Autorizados para Actuar Interinamente—Autorización Como Nombramiento.—Autorizado el sub-secretario de un tribunal por el Procurador General para actuar como secretario interino por renuncia del secretario propietario, tal autorización no equivale a nombramiento alguno para el cargo de secretario.

4. Derecho Penal—Lugar del Juicio *(Venue)*—Sitio Donde Debe Instarse el Proceso—Reorganización de Distritos Judiciales.—Dividida una corte en dos secciones, aún cuando una acusación no alegue la comisión del delito dentro del distrito a que corresponde la sección en que aquélla se presentó si el juicio se celebra refundidas ya ambas secciones en una corte con la misma jurisdicción que tenía los dos distritos de dicha corte anterior, no cabe alegar la falta de jurisdicción de ésta última corte para conocer del delito.

5. Derecho Penal—Apelación y Error, y Certiorari—Revisión—Cuestiones Sobre las Pruebas—Apreciación de las Pruebas—Prueba Contradictoria.—Resuelto por la corte inferior el conflicto de la evidencia en contra de unos acusados cuando del examen de la prueba no aparece que con ellos se cometiera error, la conclusión de la corte inferior sobre la prueba debe prevalecer.

Sentencia de *Domingo Sepúlveda,* J. (San Juan), condenando a los acusados por delito de Adulteración de Leche. *Confirmada.*

*Dubón & Ochoteco,* abogados de los apelantes; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Generoso Rodríguez y Gerardo Quiñones fueron acusados del delito de adulteración de leche, imputándoseles que:

". . . . el 16 de junio de 1925 y en la Sección Norte del barrio de Santurce que forma parte del Distrito Judicial de San Juan, voluntaria y maliciosamente tenían y ofrecían en venta como pura leche de vaca adulterada artificialmente con agua."

Celebrado el juicio y dictada sentencia condenatoria contra ambos, interpusieron este recurso de apelación alegando como primer fundamento para él que la corte inferior cometió error al no desestimar la acusación por no estar jurada y suscrita por el fiscal ante el secretario de la corte, el día que fué presentada y leída a los acusados.

Parece que la acusación en este caso no estaba jurada y suscrita por el fiscal pues habiendo solicitado los acusados que por ese motivo fuese desestimada la acusación, la corte

inferior concedió permiso al fiscal para enmendar y subsanar el defecto de falta de juramento, y fué jurada por el fiscal ante el secretario interino de la corte.

El haber permitido la corte inferior que el fiscal jurase la acusación, corrigiendo así el defecto de forma de que adolecía, no constituye error alguno.

[2] El segundo motivo del recurso es porque el fiscal juró la acusación ante el secretario interino de la corte.

Habiendo renunciado su cargo el secretario de dicha corte, el Procurador General autorizó al sub-secretario-intérprete de ella para que actuase como secretario interino de la misma. La Ley No. 13 de 9 de marzo de 1910 en su artículo segundo faculta a los secretarios de las cortes de distrito para tomar juramentos y como el sub-secretario de la corte inferior fué autorizado por el Procurador General para que actuase como secretario interino, podía como tal tomar juramentos.

[3] También alegan los apelantes que ese nombramiento es nulo porque no fué hecho por el Gobernador como requiere la ley, pero como contestación a esto nos bastará decir que no se hizo nombramiento alguno para el cargo de secretario sino que se autorizó al sub-secretario para que actuase como secretario interino, sin cubrir la vacante. La corte no podía quedar sin secretario mientras fuera nombrada otra persona para ese cargo y por eso fué autorizado el sub-secretario para actuar como secretario.

[4] El tercer y cuarto error se refieren a que la acusación no especifica el sitio donde se cometió el delito y al dictar sentencia careciendo la corte de jurisdicción.

La acusación dice que el delito se cometió en la sección norte del barrio de Santurce, que forma parte del Distrito Judicial de San Juan, Distrito Primero, y esto era bastante para dar jurisdicción a dicha corte, que entonces estaba dividida en dos secciones, norte y sur, separadas por una línea divisoria que partiendo del Palacio de Santa Catalina

iba a terminar en el puente de Martín Peña. Además, cuando el juicio fué celebrado se habían refundido ambas secciones en una corte de distrito con la misma jurisdicción que tenía el Primer y Segundo Distrito de dicha corte.

[5] El quinto y último motivo de error se refiere a la insuficiencia de la prueba para sostener la sentencia condenatoria.

Según la prueba del fiscal el día a que se refiere la denuncia el acusado Generoso Rodríguez tenía y vendía leche de vaca en el puesto de leche para el cual Gerardo Quiñones había obtenido una licencia para vender leche, resultando que esa leche estaba adulterada con agua. La prueba de los acusados tendía a demostrar que poco antes de llegar el inspector de sanidad al puesto de leche se había recibido en él una leche que Generoso Rodríguez no quiso vender porque estaba mala y que de ésta fué que tomó la muestra el inspector, esperando varios compradores que allí habían cerca de una hora hasta que llegó al puesto otra leche. El conflicto de esa evidencia lo resolvió la corte inferior en contra de los acusados sin que por el examen que hemos hecho de la evidencia creamos que cometió error.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Wolf no intervino.