El Pueblo de Puerto Rico, demandante y apelante, *v.* Manuel Suro, acusado y apelante.

No. 5634.—*Sometido:* Diciembre 20, 1934. *Resuelto:* Diciembre 21, 1934.

*E. Martínez Avilés,* abogado del apelante; *R. A. Gómez* y *Luis Janer,* *Fiscal* y *Fiscal Auxiliar,* respectivamente, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Manuel Suro, acusado de haber infringido el artículo primero de la ley que prohibe portar armas, formuló excepción a la acusación basándose en que en la misma no se expresa el sitio donde fué cometido el delito. Se alega en la acusación que el referido Manuel Suro, allá por el día 20 de febrero de 1934, en Florida, P. R., que forma parte del distrito judicial de Arecibo, P. R., ilegal y voluntariamente portaba y conducía un revólver, siendo dicho revólver un arma mortífera con la cual puede causarse daño corporal. La vista de este caso se celebró el día 12 de julio de 1934, después de terminarse otro juicio contra el mismo acusado por atentado a la vida. La defensa sometió el caso de portar armas por la misma prueba practicada en el juicio sobre atentado a la vida, con lo que estuvo conforme el ministerio fiscal. La corte inferior dictó sentencia declarando culpable al acusado del delito de portar armas prohibidas y le impuso tres meses de cárcel y las costas.

A juicio del referido acusado la acusación debió haber sido sobreseída y archivada por falta de jurisdicción en la corte sentenciadora. No formuló esta excepción la defensa en la corte inferior. Se levanta por primera vez ante este tribunal. El apelante argumenta su excepción diciendo que según la acusación el delito se cometió en Florida, P. R., que forma parte del distrito judicial de Arecibo, y que como no existe ningún municipio en la Isla de Puerto Rico que lleve este nombre, en caso de haberse querido significar que Florida es un barrio, ha debido agregarse de qué pueblo forma parte, para que pueda sostenerse que está dentro y forma parte del distrito judicial de Arecibo, porque los tribunales de justicia no pueden tener conocimiento judicial de los distintos barrios en los diferentes pueblos de la Isla.

Invoca el apelante el artículo 8 del Código de Enjuiciamiento Criminal, según el cual la jurisdicción radica en la corte de distrito del respectivo distrito judicial dentro del cual se cometieron los delitos, y dice que de acuerdo con el artículo 82 del mismo código la acusación debe alegar que el delito fué cometido en un lugar comprendido dentro de la jurisdicción del tribunal.

Opinamos que la acusación es bastante para demostrar que el sitio donde se cometió el delito forma parte del distrito judicial de Arecibo. Así se alega expresamente, cuando se dice que Florida forma parte de dicho distrito judicial. En el caso de *El Pueblo* v. *París,* 25 D.P.R. 111, esta corte dijo que una acusación es generalmente suficiente en lo que respecta al lugar o sitio de la comisión del delito, si se prueba que dicho lugar está dentro del distrito, y que por lo tanto era innecesario, a falta de una moción interesando mayor especificación de los particulares de la acusación, dar más detalles de la residencia del denunciante que decir que la casa en que el supuesto hurto tuvo lugar se encontraba en Santurce.

En el presente caso, de la faz de la acusación surge la jurisdicción de la corte, y en cuanto a la prueba, que no ha sido elevada a este tribunal por el apelante, hemos de asumir que fué apreciada correctamente y que la jurisdicción del tribunal juzgador quedó demostrada a su satisfacción.

■ Esta corte, en el caso de *El Pueblo* v. *Llauger,* 14 D.P.R. 560, se expresó en los siguientes términos:

"En cuanto a la prueba respecto de la jurisdicción o sitio en que debía celebrarse el juicio de esta causa, el tribunal sabe judicialmente que el barrio de Espinosa y el pueblo de Vega Alta se hallan dentro de la jurisdicción territorial de la Corte de Distrito de San Juan; y que la corte inferior, en cuanto se refiere a jurisdicción, es competente para conocer de esta causa.

"Aunque el fiscal de distrito está obligado a probar todos los hechos esenciales consignados en la acusación, puede, sin embargo, valerse de los hechos que el tribunal conozca judicialmente, según lo dispuesto en el artículo 36 de la Ley de Evidencia. (Véase las

Leyes de 1905, pág. 113), siendo uno de tales hechos el de haberse fijado por un estatuto de la Isla, los límites de los distritos judiciales en Puerto Rico.

"Las pruebas presentadas en el juicio demuestran que el delito fué cometido en el barrio Espinosa, del pueblo de Vega Alta, en una pelea de gallos que tuvo lugar en dicho barrio, en 30 de diciembre de 1906. Ésta es la única prueba que se necesita para probar la jurisdicción o sitio en que deba celebrarse el juicio. . . ."

En la acusación aquí formulada se ha localizado el sitio donde se cometió el delito y se ha dicho que radica dentro de la jurisdicción del distrito donde fué juzgado Manuel Suro. No hay vaguedad ni insuficiencia en las palabras de la acusación y el acusado no puede decir que no ha sido debidamente informado.

*Debe confirmarse la sentencia apelada.*