José Nogueras Guzmán, demandante y apelado, *v.* Hon. Antonio V. Acosta, Juez de la Corte Municipal del Distrito Judicial Municipal de Añasco, P. R., demandado y apelante.

No. 7009.—*Sometido:* Marzo 20, 1936. *Resuelto:* Abril 29, 1936.

*Antonio V. Acosta,* por su propio derecho; *M. Figueroa del Rosario,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

José Nogueras Guzmán fué denunciado ante la Corte Municipal de Añasco por un delito de acometimiento y agresión. Alega el acusado que durante la vista de la causa, después de su declaración de no culpable y de haberse producido el testimonio del testigo de cargo Pedro Alvarez Pesante, solicitó que se desestimase la querella por no aparecer suscrita ni jurada. El Juez de la Corte Municipal de Añasco negó que el acusado o su abogado hubiesen presentado moción alguna solicitando el archivo y sobreseimiento de la denuncia por falta de jurisdicción durante la vista de la causa, pero admite que la referida denuncia no estaba firmada ni jurada y que se procedió a firmarla y jurarla en el acto de la vista por el perjudicado Bruno Santos. La Corte de Distrito de Mayagüez expidió un auto de *certiorari* a solicitud del acusado y luego de oír a las partes anuló todos los procedimientos seguidos en este caso ante la Corte Municipal de Añasco. La corte de distrito basa su resolución en que el abogado del acusado suscitó oportunamente la cuestión de falta de juramento y en que al desestimarse su moción se violaron los preceptos del Código de Enjuiciamiento Criminal en sus artículos 22 y siguientes y el principio fundamental del debido procedimiento de ley.

Como se ve, el Juez Municipal de Añasco afirma que no hubo moción de archivo o sobreseimiento, y el acusado sostiene que después de comenzada la prueba solicitó la desestimación de la denuncia. Vamos a pasar por alto la contradicción que se advierte entre las manifestaciones de una y

otra parte, porque no es necesario discutirla para decidir el presente caso.

■ Partiendo de la base de que la moción de desestimación se presentó después de la declaración de no culpable y luego de haber declarado un testigo, entendemos que la misma no debió prosperar por inoportuna y tardía. Las objecciones que se dirigen solamente a la forma de las denuncias y acusaciones deben formularse antes de la celebración del juicio.

Los artículos 145 y 146 del Código de Enjuiciamiento Criminal dicen como sigue:

"Art. 145. Una acusación denunciando un delito grave (*felony*) que no viniere firmada y jurada por el fiscal, será desestimada por el tribunal a instancias del acusado hecha al formularse la acusación.

"Art. 146. Si el acusado no pidiere que la acusación sea desestimada, no podrá luego interponer las objeciones mencionadas en el precedente artículo."

En el caso de *El Pueblo* v. *París*, 25 D.P.R. 111, 113, esta Corte Suprema dijo lo siguiente:

"También hemos resuelto en el caso de El Pueblo v. Girón, supra, que de existir algún defecto en el juramento de los testigos de la acusación, deberá alegarse antes del juicio. Ha de ser antes de darse lectura a la acusación (*arraignment*), a menos que la corte haya concedido un permiso especial, como luego veremos . . .

" . . . El artículo 145 expresa los casos en que será desestimada una acusación, pero dice el 146 que si el acusado no pidiere que la acusación sea desestimada, no podrá luego interponer las objeciones mencionadas en dicho artículo."

En el caso de *El Pueblo* v. *Rosaly*, 28 D.P.R. 474, se dijo lo siguiente:

"Segundo (refiriéndose al segundo error), que la denuncia en la forma en que fué formulada no determinaba un delito público, alegándose que los artículos 71 y 72 del Código de Enjuiciamiento Criminal no habían sido observados. La impugnación específica que se hacía era respecto a la alegación alternativa de 'dueño o guardián', que es una cuestión puramente de forma. El caso de El Pueblo v. París, 25 D.P.R. 111, y los numerosos casos que siguen, demuestran

que la ley exige que las objeciones como ésta, hechas en el juicio, son muy tardías y no nos detendremos a examinar si la objeción hubiera sido válida de haberse formulado debidamente. Las cortes inferiores deben negarse a considerar objeciones formales de ser hechas por primera vez en el día del juicio. No habría nada en contra de la consideración de una objeción de esta naturaleza en el día del juicio siempre que la debida moción o excepción previa se hubiera presentado antes de esa fecha, dando de este modo una oportunidad al fiscal para hacer enmiendas, si lo deseaba. El Pueblo de Puerto Rico no debe quedar sometido a objeciones formales mientras los jurados y testigos están presentes y hay otros casos que van a celebrarse.''

En el caso de *El Pueblo* v. *de Jesús,* 34 D.P.R. 468, esta Corte dijo:

''El primer señalamiento de error de la apelante se debió al hecho de no haberse dado cuenta de que la cuestión alegada como error había sido renunciada de dos maneras.' El apelante se queja de que la acusación es insuficiente porque no estaba jurada por el fiscal. Esta es una cuestión de forma y debe ser levantada antes del juicio. El Pueblo v. París, 25 D.P.R. 111, y casos; El Pueblo v. Rosaly, 28 D.P.R. 474. Si no se levanta antes del juicio o durante el juicio, tal alegado error no puede ser suscitado en apelación. El Pueblo v. Aponte, 9 D.P.R. 383; El Pueblo v. Cintrón, 26 D.P.R. 246; El Pueblo v. Moreno, 28 D.P.R. 104; El Pueblo v. Ramírez, 28 D.P.R. 313.''

Vemos que en el caso citado se dice que la falta de juramento en la acusación es una cuestión de forma que debe ser levantada antes del juicio, citándose decisiones de este tribunal que sostienen este criterio. Luego se añade que si no se levanta la cuestión antes del juicio o durante la vista, el error no puede ser suscitado en apelación, citándose casos, en ninguno de los cuales se sostiene que la ausencia de juramento pueda suscitarse con éxito favorable después de comenzado el juicio y de haberse practicado alguna prueba. El principio de que la cuestión debe suscitarse antes del juicio, sostenido en este mismo caso y en repetidas decisiones de este tribunal, interpreta correctamente los artículos 145 y 146 del Código de Enjuiciamiento Criminal que no permi-

ten una objeción tardía al defecto de forma de falta de firma y juramento en la acusación.

En el caso de *El Pueblo* v. *Rodríguez,* 37 D.P.R. 423, se dijo lo siguiente:

"Parece que la acusación en este caso no estaba jurada y suscrita por el fiscal, pues habiendo solicitado los acusados que por ese motivo fuese desestimada la acusación, la corte inferior concedió permiso al fiscal para enmendar y subsanar el defecto de falta de juramento, y fué jurada por el fiscal ante el secretario interino de la corte.

"El haber permitido la corte inferior que el fiscal jurase la acusación, corrigiendo así el defecto de forma de que adolecía, no constituye error alguno."

En el presente caso se subsanó el error de falta de firma y juramento, después de haberse comenzado el juicio. La objeción del acusado, si se hizo, se formuló demasiado tarde para que pudiese ser resuelta a su favor.

*La resolución de la Corte de Distrito de Mayagüez, dictada en 9 de enero de 1935, anulando los procedimientos seguidos en la Corte Municipal de Añasco contra el acusado José Nogueras Guzmán, debe ser revocada.*