## EL PUEBLO v. MELÉNDEZ.

### APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 84.   Resuelto en diciembre 16, 1905.

DELITOS CONTRA EL DERECHO ELECTORAL.—Toda persona que dejare de cumplir maliciosamente los preceptos de la ley relativa á elecciones, ó que valiéndose de medios ilegales, impidiere maliciosamente que un determinado número de electores ejerciten su derecho de votar, cometerá el delito previsto y castigado en el art. 161 del Código Penal.

ACUSACIÓN.—FACULTADES DEL FISCAL GENERAL.—El Fiscal General ó Attorney General de Puerto Rico, tiene facultades para designar fiscales especiales que lleven la acusación de determinados casos ante las Cortes de Distrito.

ACUSACIÓN.—FACULTADES DEL SECRETARIO DEL TRIBUNAL SUPREMO.—El Secretario del Tribunal Supremo, tiene facultades para tomar juramentos, y en su virtud, una acusación jurada ante él por el fiscal y presentada luego á

la Corte de Distrito, no adolece, por este motivo, de vicio que la desvirtúe de un modo fundamental.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. Rossy, Fiscal.*

La parte apelante no compareció.

El Juez Asociado Sr. Figueras, emitió la opinión del tribunal.

Ante la Corte de Arecibo se presentó la siguiente acusación:

"En el nombre y por la Autoridad de "El Pueblo de Puerto Rico."—Estados Unidos de América. El Presidente de los E. E. U. U.—S. S.—*El Pueblo de Puerto Rico* contra *Andrés Meléndez.*—En la Corte de Distrito de Arecibo á diez de abril de mil novecientos cinco.—El Fiscal formula acusación contra Andrés Meléndez, Juez que fué del precinto electoral No. 52 del Distrito electoral de San Juan, situado en el término municipal de Manatí, por el delito *felony* en violación de el art. 161 del Código Penal cometido como sigue: Que en ó cerca del día 8 de Noviembre de 1904, en una elección general tenida en Puerto Rico en ese año, Andrés Meléndez, entonces Juez de elección en el citado Precinto No. 52, innecesaria, ilegal y fraudulentamente, demoró la votación, consistiendo dicha demora en haber invertido más de una hora en dar principio á la votación, en haber permitido electores permanecer dentro de las casetas, en preparación de sus papeletas electorales más de diez minutos, en haber invertido demasiado tiempo en almorzar, y por haber hecho preguntas innecesarias á los electores con el fin de retardar la votación; tales preguntas, como ¿Tiene Vd. derecho electoral? ¿Estaba Vd. inscrito en las últimas elecciones? ¿Es vecino de la municipalidad, ¿Es elector en este Precinto? y otras muchas más, quedando en consecuencia de estas demoras como cien electores capacitados sin votar. Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad de "El Pueblo de Puerto Rico". E. B. Wilcox, Fiscal especial.—La acusación que antecede está basada en el testimonio de testigos examinados bajo juramento, creyendo solemnemente que existe causa para presentarla al Tribunal.—E. B. Wilcox, Fiscal Especial.—Jurado y firmado ante mí hoy día 6 de abril de 1905.—Secretario del Tribunal Supremo. A. F. Castro."

Celebrado el juicio y en vista del fallo de convicción, se

dictó sentencia por el juez de la corte de Arecibo en 18 de mayo del corriente año condenando al acusado Andrés Meléndez por el delito contra el derecho electoral á la pena de dos años seis meses de prisión en el presidio departamental de la Isla con trabajos forzados y al pago de las costas.

Contra esa sentencia interpuso el acusado recurso de apelación para ante esta Corte Suprema.

No se presentó pliego de excepciones ni exposición de hechos, ni siquiera alegato ante esta corte.

El fiscal impugnó el recurso.

En el acto de la vista compareció el letrado don Manuel F. Rossy y alegó á nombre del acusado:

Primero.—Que la ley no señala hora para dar principio á la votación ni limita el tiempo que debe estar el elector en la caseta.

Segundo.—Que el Hon. E. B. Wilcox no pudo ser nombrado fiscal especial y no pudo suscribir la acusación porque esta facultad sólo corresponde al Fiscal del Distrito correspondiente.

Tercero.—Que la acusación debió jurarse ante el secretario de la Corte de Distrito y no ante el de la Corte Suprema como se ha hecho en el presente caso.

Las secciones 21 y 31 (250-260) de la "Ley para proveer lo necesario para elecciones en Puerto Rico", resuelven el primer punto alegado.

Esa ley prescribe que los colegios se abran á las ocho de la mañana y empiece la elección cerrándose á las cuatro de la tarde; y prescribe además que ningún elector esté dentro de cada caseta más de cinco minutos.

Si estos preceptos no se cumplieron maliciosamente y se perdió el tiempo con igual malicia en otros detalles innecesarios y fuera de ley como lo afirma la acusación, para impedir que votasen como cien electores capacitados, entonces hay que convenir que se faltó á la ley relativa á

elecciones y se cometió el delito que define el artículo 161 del Código Penal.

El segundo punto de la alegación del apelante ha sido ya debatido y resuelto en los casos de *El Pueblo de Puerto Rico* contra *Arturo Aponte y otro* y en el de *El Pueblo de Puerto Rico* contra *Antonio Rivera y Guillermo León* fallados, respectivamente, el 11 y el 21 de noviembre del corriente año. A esos casos nos referimos para refutar el argumento expuesto ante esta Corte Suprema.

Para rebatir la 3a. cuestión planteada en este recurso nos remitimos á la ley de la Asamblea Legislativa de esta Isla aprobada en 8 de marzo de 1904 en la cual se autoriza al secretario de esta Corte Suprema para recibir juramentos, y siendo esto así, no hay motivo alguno que desvirtúe de un modo fundamental la acusación presentada.

En mérito de lo expuesto, proponemos la confirmación de la sentencia apelada con las costas al apelante Andrés Meléndez.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, MacLeary y Wolf.