El Pueblo de Puerto Rico, demandante y apelado, *v.* Sabás Pabón, acusado y apelante.

No. 2887.—*Visto:* Noviembre 19, 1926. *Resuelto:* Diciembre 22, 1926.

1. Derecho Penal—Apelación y Error, y Certiorari—Presentación y Reserva en la Corte Inferior de los Fundamentos de Revisión—Objeciones al "Indictment", Acusación o Denuncia—En General.—Firmada acusación por uno como fiscal interino y leída aquélla sin cuestionarse entonces—sino en el acto del juicio—la autoridad de aquél para ejercer las funciones y deberes de un fiscal así como la facultad del *Attorney General* para delegar en él tales funciones, la objeción así levantada en el acto del juicio es tardía.

2. Attorney General—Facultades—En Relación con los Procesos Criminales—Designación de Fiscales Especiales.—Teniendo el *Attorney General*, en relación con los procesos criminales, los poderes todos de un fiscal de distrito, puede él *delegarlos* y, en ausencia de prohibición estatutoria expresa, designar fiscales especiales que asuman su representación en determinados casos.

3 "Indictment" y Acusación—Radicación y Requisitos Formales de la Acusación o Denuncia—Radicación o Presentación de las Mismas—Facultad de los Fiscales para Presentar Acusaciones Directas.—Con excepción de los delitos cometidos por funcionarios públicos, el sistema de presentar acusaciones por los fiscales sigue siendo el mismo que prescribe el Código de Enjuiciamiento Criminal.

4. Homicidio *(Homicide)*—"Indictment" y Acusación—Su Suficiencia en General—Acusación por Homicidio Involuntario.—Una acusación por homicidio voluntario que substancialmente alega un acto ilegal—disparo de un revólver—no un delito grave y que a consecuencia del mismo se causó la muerte de un ser humano es suficiente.

SENTENCIA de *R. H. Todd, Jr.,* J. (Ponce), condenando al acusado por delito de homicidio involuntario. *Confirmada.*

*Agustín E. Font,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El apelante en este recurso señala en su alegato la comisión, a su juicio, de los siguientes errores, a saber:

"1. La Corte erró al desestimar la moción del acusado solicitando que se archivara la acusación por estar firmada por Francisco R. Flores, quien no está autorizado por la Ley para firmar acusaciones a nombre del Pueblo de Puerto Rico, por no ser un fiscal o representante del ministerio público debidamente cualificado para actuar en tal forma.

"2. La Corte de Distrito cometió error al declarar sin lugar la moción del acusado solicitando el archivo y sobreseimiento del caso por no haber sido investigado el cargo por un Gran Jurado.

"3. La Corte de Distrito cometió error al declarar sin lugar la excepción perentoria aducida contra la acusación por el fundamento de que sus alegaciones no perfeccionan el delito imputado."

I. La acusación en este caso está firmada por Francisco R. Flores como Fiscal interino y el apelante, discutiendo el primer error, sostiene que el cargo de fiscal municipal *"at large"* que aparece desempeñando Flores no le autoriza para ejercer las funciones y deberes de un fiscal ni menos que el Attorney General pueda delegar en él tales funciones y deberes.

[1, 2] El acusado en el acto de darle lectura a la acusación, hizo la alegación de inocencia, sin haber levantado la cuestión que se suscita por este error. Dejó para plantearla en el acto del juicio cuando ya era tarde para hacerlo. El caso de *El Pueblo* v. *Aponte,* 9 D.P.R. 386, no sólo resuelve el punto técnicamente sino que entra en los **méritos diciendo:**

"Es evidente que el Attorney General, no solamente tiene las mismas facultades que el fiscal de cualquier distrito, sino que puede

encomendarlas a cualquier agente especial, porque solamente es el
que puede juzgar con respecto a la necesidad que exija el nombra-
miento de dicho abogado especial.

  *    *    *    *    *    *    *

"Por lo tanto, el Attorney General necesariamente debe tener la
facultad de ser representado por otras personas a menos que haya
algún precepto absoluto de ley que lo prohiba, el cual no hemos
podido encontrar."

Véanse además los casos de *El Pueblo* v. *Rivera,* 9 D.
P.R. 505; *El Pueblo* v. *Meléndez,* 9 D.P.R. 550; y *El Pue-
blo* v. *París,* 25 D.P.R. 111.

II. Para fundar el segundo motivo de error sostiene en
substancia el apelante que si por un lado la ley que esta-
bleció el Gran Jurado, aprobada en junio 18, 1919, (1919 p.
303), transformó y varió radicalmente el sistema de presen-
tar acusaciones los fiscales, la enmienda de que fué objeto
dicha ley en agosto 28 de 1925 (p. 798), no restableció aquel
sistema y los fiscales actualmente no tienen facultad para
acusar en la forma que lo hacían antes de aprobarse la ley
del Gran Jurado.

[3] Este argumento parte de una falsa premisa, y es,
que la Ley del Gran Jurado había derogado aquellas dispo-
siciones del Código de Enjuiciamiento Criminal que regula-
ban el procedimiento de los fiscales para presentar acusacio-
nes directamente ante la corte. De acuerdo con la sección
21 de la Ley del Gran Jurado, los fiscales presentaban to-
dos los cargos por delitos de su competencia en forma de
acusación, aportando toda la evidencia del caso. Este era
un sistema de procedimiento que si bien no podía entenderse
como una acusación que se presentaba directamente a la
corte, no significaba una derogación expresa de este último
procedimiento, y la mejor explicación de que tal no fué la
intención de nuestra Legislatura se puede ver de la misma
Ley No. 98 (Leyes de 1925, p. 798) que enmendó la sección
1ª de la Ley del Gran Jurado en la siguiente forma:

"Sección 1.—Todo delito grave (felony) que se imputa a un

funcionario público por razón de actos realizados en el ejercicio de sus funciones deberá ser perseguido mediante acusación del Gran Jurado presentada ante la corte que tenga jurisdicción en el caso.

"Todos los demás delitos se perseguirán en la forma prescrita por el Código de Enjuiciamiento Criminal."

Así es que con excepción de los delitos que expresamente se especifican, cometidos por funcionarios públicos, el sistema de presentar acusaciones por los fiscales sigue siendo el mismo que prescribe el Código de Enjuiciamiento Criminal.

III. [4] Por este error parece que se ataca la suficiencia de la acusación. Esta, en lo pertinente, lee así:

"El referido Sabás Pabón con anterioridad a la presentación de esta acusación, o sea el día 16 de diciembre de 1925, y en el término municipal de Juana Díaz, que forma parte del distrito judicial de Ponce, Puerto Rico, ilegalmente, hizo uso de un revólver cargado con balas de plomo y haciendo con dicha arma un disparo, hirió al ser humano Eliseo Rodríguez en la región superciliar izquierda muriendo momentos después a consecuencia de dicha herida de bala."

El artículo 203 del Código Penal literalmente dice:

"Homicidio es dar muerte ilegal a un ser humano sin que medie malicia. Es de dos clases:

"1. Voluntario: cuando ocurre con ocasión de una súbita pendencia o arrebato de cólera.

"2. Involuntario: cuando ocurre al realizarse un acto ilegal, que no constituyere delito grave (felony); o al realizarse un acto legal que pudiere ocasionar muerte en forma ilegal, o sin la debida prudencia y circunspección."

La acusación tal vez pudo ser más explícita, pero ella en esencia contiene los elementos constitutivos del delito de homicidio involuntario. La acusación substancialmente alega un acto ilegal como lo es el disparo de un revólver, que no es un delito grave, y que a consecuencia del mismo causó la muerte del ser humano Eliseo Rodríguez.

*Por todo lo expuesto debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Hutchison no intervino en la resolución de este caso.