BLANCO FRESNO & Co., S. EN C., demandante y apelante, *v.* ROYAL INSURANCE Co., LTD., demandada y apelada.

No. 5296.—*Sometido:* Febrero 17, 1931. *Resuelto:* Abril 29, 1932.

434

*A. García Ducós* y *M. A. Martínez Dávila,* abogados de la apelante, *José Sabater,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

La demandante, después de ocurrido un incendio y de una supuesta pérdida, embargó la participación de García Hermanos en el producido de una póliza de seguros. La Royal Insurance Co., Ltd., contra quien se había librado el embargo, se negó a pagar, y este pleito es el resultado de esa negativa. La defensa de la compañía de seguros fué que el siniestro no fué casual; negó que García Hermanos entregara a la compañía de seguros después del incendio todos los documentos requeridos por la póliza, alegó que García Hermanos presentó una reclamación por pérdida total ascendente a $14,592.04 contra la demandada y otra compañía, cuando en puridad de verdad el día del siniestro dichos García Hermanos no tenían la décima parte de los efectos que se alegaban estar en su posesión; y que García Hermanos antes del fuego trasladó fraudulentamente a otro sitio gran parte de los efectos originalmente asegurados; que García Hermanos dejó de preparar el debido inventario de su mercancía, o por lo menos de llevar libros que demostraran tales existencias, según exigía la póliza.

La Corte de Distrito de Aguadilla, después de celebrado un juicio, declaró sin lugar la demanda. La corte no estimó que el origen malicioso del siniestro fuese suficientemente probado, pero resolvió que García Hermanos no había cumplido con la cláusula sobre caja de seguridad (*iron safe clause*) según se le conoce familiarmente, toda vez que ellos no llevaban libros adecuados o que por lo menos no demostraron la cantidad de mercancías en existencia al tiempo del siniestro. La corte citó los casos de *Rodríguez* v. *U. S. Fire Ins. Co.,* 34 D.P.R. 385, y *Compañía Mercantil Arroyana* v.

*Home Ins. Co.,* 35 D.P.R. 682, y el artículo 405 del Código de Comercio, y resolvió que como el incendio tuvo lugar bajo circunstancias sospechosas, la monta de las pérdidas debió haberse probado claramente de conformidad con el caso de *Northern Ins. Co.* v. *Del Moral,* 300 Fed. 513, y por otras razones.

El seguro fué tomado en abril 21 de 1925. El incendio ocurrió el 5 de mayo de 1925, y por tanto, todas las partes están contestes en que no era necesario que García Hermanos preparara un inventario de acuerdo con las disposiciones de la póliza, que proveía que el inventario debía prepararse dentro de los treinta días después de su expedición.

El primer señalamiento de error se refiere a las alegaciones. La demandante sostuvo y sostiene que la contestación contenía negativas que envuelven afirmaciones (*negative pregnants*) y que por consiguiente se admitían las alegaciones de la demanda. Una de las respuestas que la demandada dió a esta contención fué que la objeción referente a la suficiencia de la contestación se hizo demasiado tarde al ser suscitada por primera vez durante el juicio. Esta contención de la apelada está sostenida por nuestra decisión en *Ana María Sugar Co.* v. *Castro et al.,* 28 D.P.R. 241, citando *El Pueblo* v. *París,* 25 D.P.R. 111. Una de las razones principales para ello es que a las partes y a los testigos no se les debe hacer esperar mientras los letrados discuten las alegaciones. Tanto el público como el demandado tienen derecho a ser protegidos contra demoras de esta naturaleza. Normalmente una corte concederá a un demandado la oportunidad de enmendar, ya durante el juicio o posponiendo el caso mediante el pago de las costas. Convenimos en que la objeción fué suscitada tardíamente y que no se cometió error al declarar sin lugar la moción oral presentada por la demandante solicitando que se dictara sentencia sobre las alegaciones.

Además, la exposición del caso revela que el día del juicio la demandante se opuso oralmente a la contestación

por contener ésta negativas que envolvían afirmaciones. No aparece especificación alguna respecto a cuáles eran esas negativas. Si bien es posible que durante la discusión habida en la corte inferior la demandante llamara específicamente la atención de la corte a los supuestos defectos, creemos que una moción de esta índole, que es más o menos técnica, debe también estar técnicamente concebida, de suerte que conste en los autos. Es esencialmente parte de las alegaciones en el caso, de manera que creemos que este señalamiento de error no puede beneficiar a la parte apelante.

Más particularmente, sin embargo, convenimos con la apelada en que la contestación advertía suficientemente a la demandante de las varias defensas que la demandada se proponía plantear. La contestación necesariamente informaba a la demandante que la demandada alegaba que el siniestro no fué casual, que no llevaban libros adecuados, que hubo un traslado fraudulento de mercancías y que al tiempo del incendio dichos García Hermanos no tenían en existencia la cantidad de mercaderías por ellos alegada. Puede que haya algunas informalidades en la fraseología de la contestación que no nos detendremos a examinar.

■■■ Los otros dos señalamientos de error se refieren, en síntesis, a la apreciación de la prueba en la corte inferior. Lo más importante que existe a favor de la apelante es que los peritos llamados por la demandante como testigos, declararon respecto a la existencia de mercaderías en el establecimiento de García Hermanos por valor de $16,000 en fecha poco anterior al siniestro. No se desprende que las existencias continuaran siendo más o menos las mismas el día del incendio. Es sumamente difícil para un asegurador demostrar una disminución en las mercancías. Esto es cierto como cuestión general, mas en este caso específico la póliza exigía que la asegurada llevara libros que demostraran el estado de las mercaderías en el momento del incendio. Por tanto, nos sentimos obligados a resolver que la demandante no logró probar que García Hermanos, en el momento

del incendio, tenía en existencia mercancías por valor de $14,000; es decir, que ellos no cumplieron con las condiciones de la póliza en cuanto a la prueba de este hecho.

Además, hubo evidencia ante la corte, que ésta tenía derecho a creer, al efecto de que si hubiese habido de $14,000 a $16,000 de mercaderías en existencia, hubiese sido prácticamente imposible que el incendio obrara en la forma en que lo hizo en este caso. La prueba tendió a revelar que no quedaron trazas de los $16,000 que la demandante alegaba existían al tiempo del siniestro a excepción de algunos fardos de tela. El sitio era prácticamente un montón de cenizas. El establecimiento era de mercería y generalmente tales efectos no se destruyen totalmente.

No es necesario recalcar la naturaleza no casual del siniestro, ya que la corte declaró que la prueba a este respecto era insuficiente. Convenimos, sin embargo, con la corte inferior y con su cita del caso de *Northern Ins. Co.* v. *Del Moral,* 300 Fed. 513, al efecto de que la demandante, bajo las circunstancias sospechosas en que ocurrió el incendio, estaba obligada a presentar prueba estricta de las pérdidas. Hubo conflicto de prueba respecto a si el sitio estaba o no impregnado de gas, mas todo esto está comprendido dentro de la conclusión de la corte inferior en el sentido de que la prueba de incendiarismo no era suficiente. Resulta poco todo el énfasis que se dé al hecho de que ni García Hermanos ni Guillermo García trataron de llevar libros o inventarios que demotraran el valor real de las mercaderías en existencia.

Deseamos agregar una palabra más sobre la naturaleza sospechosa del siniestro. Sucedió que García Hermanos adeudaban a la demandante una suma considerable, unos $14, 000. La razón social de García Hermanos se componía de dos personas. Una de ellas era Guillermo García, quien en realidad tuvo un establecimiento de su propiedad hasta el 17 de abril de 1925, en que se constituyó la sociedad. La deuda era originalmente de Guillermo García.

El otro hermano no era responsable de la deuda de su her-

mano, pero sin inconveniente alguno se unió a la sociedad. No obstante, él no fué testigo durante el juicio. La apelante dijo que no pudo conseguir a este testigo, pero su falta de comparecencia en el juicio fué significativa. El no tenía absolutamente ningún interés personal en proteger la deuda de la demandante. Además, la demandante envió a uno de sus empleados para que le preparara o abriera los libros iniciales a García Hermanos. Por sí mismo tal hecho es apenas importante, mas, en conexión con los otros hechos del caso, es una circunstancia sospechosa adicional.

Necesariamente hubo algún conflicto de prueba sobre la existencia de la mercancía, pero prácticamente no hubo tal conflicto respecto a la no existencia de las constancias exigidas por la póliza de seguro.

*Debe confirmarse la sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.