Banco Popular de Puerto Rico, demandante y apelado, *v.* Drug Co. of Puerto Rico, demandada y apelada, y Juan F. Vías Ochoteco, opositor y apelante.

No. 6128.—*Sometido:* Mayo 16, 1933. *Resuelto:* Junio 2, 1933.

_L. Muñoz Morales,_ abogado del apelante; _L. Feliú,_ abogado de la apelada Drug Co. of P. R.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Por escritura pública otorgada en 1929, don Juan F. Vías Ochoteco cedió en arrendamiento una casa de su propiedad a Drug Co. of Porto Rico para oficinas, almacenaje e inquilinato, por término de cinco años y canon mensual de $460, que después fué rebajado a $400, temporalmente según el arrendador. Estando vigente ese contrato, dos años antes de su vencimiento, en enero de 1932, el Banco Popular de Puerto Rico demandó a Drug Co. of Porto Rico en cobro de dinero, le embargó sus bienes y la corte nombró un síndico para que los administrase. En 2 de febrero de 1932 el síndico solicitó de la corte que lo autorizara para rescindir dicho contrato de arrendamiento y para entregar la casa al arrendador por ser perjudicial ese contrato a los bienes que le fueron entrega-

dos en administración porque podía encontrarse otra casa por menos precio de arrendamiento. La corte oyó al arrendador respecto de esa moción y practicadas las pruebas que fueron admitidas dictó resolución el 19 de febrero de 1932 conce· diendo autorización al síndico para rescindir el expresado contrato y para entregar la casa a su dueño tan pronto sea desocupada, y para que mientras tanto satisficiese los arrendamientos vencidos a razón de $400 mensuales. De esa resolución apeló el arrendador el 3 de marzo de 1932. Siete días después se tuvo al banco por desistido de su pleito y se dió por terminada la sindicatura, devolviendo los bienes a la Drug Co. of Porto Rico, según puede verse en *De Jesús* v. *Corte*, 43 D.P.R. 433.

El apelante nos presentó su alegato escrito interesando la revocación de la resolución recurrida y la Drug Co. of Porto Rico lo contestó oponiéndose a él y solicitando que desesti· memos esta apelación por no haber sido notificada a ella como parte contraria y por ser académica por no constar en estos autos que el síndico haya rescindido el contrato de arrendamiento. Al final de su alegato interesa la desestimación fundada en que no es apelable la resolución contra la cual se recurre.

■■■ No era necesario que la apelación se notificase a· Drug Co. of Porto Rico porque ella no intervino en ese incidente del pleito sino el dueño de la casa y el síndico, quien como tal solicitó la rescisión; ni podía intervenir porque los bienes no estaban en su poder. Tampoco es académica la apelación porque el motivo de ella no es si el síndico ha rescindido el contrato y devuelto la casa a su dueño sino si la corte cometió error al autorizar al síndico a rescindir dicho contrato. Y es apelable de acuerdo con el artículo 295, No. 1, del Código de Enjuiciamiento Civil porque ese incidente del pleito es un procedimiento especial en el que se ha resuelto definitivamente por la corte inferior que el contrato del apelante debe ser rescindido, poniendo así término a los derechos que de acuerdo con él· tiene el arrendador y a las obligaciones

del arrendatario. Por consiguiente, la apelación no debe ser desestimada.

El síndico es un representante de la corte que lo nombró y la corte puede autorizarlo para que deje de pagar, como tal síndico, determinadas cantidades debidas por la Drug Co. of Porto Rico y para dejar de pagar los cánones de arrendamiento de determinada finca, si resulta ventajoso para la administración de los bienes que han sido puestos en sus manos; pero la corte no tiene facultad para decretar la rescisión de un contrato válidamente celebrado sin existir algunas de las causas que para la rescisión de los contratos especifica el Código Civil en su artículo 1243, edición de 1930. El Tribunal Supremo de los Estados Unidos en los casos de *Quincy etc. Railroad Co.* v. *Humphreys,* 145 U. S. 82, y en el de *Southern Express Co.* v. *Western N. C. R. Co.,* 99 U. S. 191, citado en el de *Central Trust Co. of New York* v. *Marietta & North Georgia R. Co.,* 16 L.R.A. 90, declaró que las cortes pueden relevar a un síndico del pago del canon de arrendamiento cuando así resulta conveniente para los bienes que están en administración, pero no declaró que las cortes podían rescindir los contratos válidamente celebrados. En el primero de esos casos se dijo, citando otra resolución, que un síndico deriva su autoridad de la corte y no de acto alguno de las partes a cuya sugestión o por cuyo consentimiento es nombrado; y que el mayor efecto de ese nombramiento es tener la propiedad desde ese momento a su cuidado como oficial de la corte para beneficio de la parte que finalmente tenga derecho a ella, mas no para modificar el título o aun el derecho de posesión. En *High on Receivers,* cuarta edición, págs. 321 y 326, se dice que un síndico no está obligado a pagar las rentas de las fincas que una compañía tiene en arrendamiento; y que si bien un síndico no está obligado en forma alguna por los contratos o pactos celebrados por las personas de cuyos bienes tiene la administración, es igualmente cierto que cuando se ha celebrado un contrato entre el dueño de esos bienes y un tercero, el síndico nombrado posteriormente no puede rea-

lizar acto alguno que menoscabe las obligaciones del contrato. En el caso de *Chemical Bank* v. *Hartford Deposit Co.,* 156 Ill. 522, que fué confirmado por el Tribunal Supremo de los Estados Unidos con el mismo epígrafe en 161 U. S. 1, dicho banco tomó en arrendamiento de Hartford Deposit Company un edificio para sus oficinas y antes de vencer dicho contrato el síndico notificó a Hartford Deposit Company su decisión de terminar ese contrato en lo que a él como síndico se refería, y la corte declaró que esa acción de parte del síndico no tenía efecto sobre el arrendamiento con respecto a su validez o fuerza obligatoria entre el arrendador y el arrendatario Chemical National Bank; que existía un contrato escrito vigente entre esas partes que fijaba sus obligaciones y determinaba sus derechos y responsabilidades; y que el síndico no estaba investido con poder para realizar acto alguno que menoscabase las obligaciones del contrato.

En el presente caso no solicitó el síndico ni la corte decretó que aquél no pagase los cánones de arrendamiento por no ser conveniente a la administración de los bienes, lo que hubiera podido hacerse, sino que lo que interesó y la corte decretó fué que rescindiese un contrato válidamente celebrado. Esto no podía hacerse, según hemos visto.

*La resolución apelada debe ser revocada y dictarse otra declarando sin lugar la petición del síndico de 2 de febrero de 1932.*

El Juez Asociado Señor Wolf no intervino.